1  HAROLD P. SMITH, ESQ. (SBN: 126985)
   psmith@dhillonsmith.com
2  KRISTA L. SHOQUIST, ESQ. (SBN: 264600)
3  kshoquist@dhillonsmith.com
   PRIYA BRANDES, ESQ. (SBN: 286714)
4  pbrandes@dhillonsmith.com
5  DHILLON & SMITH LLP
   177 Post Street, Suite 700
6  San Francisco, California 94108
7  Telephone: (415) 433-1700
   Facsimile: (415) 520-6593
8
9  Attorneys for Plaintiff
   Harmeet K. Dhillon
10

**FILED**

APR 0 2 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13                  **San Francisco Division**

14

*JCS*

15  HARMEET K. DHILLON, an individual,      Case Number: **C 13      1465**

16              Plaintiff,                   **PLAINTIFFS** *EX PARTE*
                                             **APPLICATION FOR LEAVE TO**
17              v.                           **TAKE LIMITED DISCOVERY**
                                             **PRIOR TO A RULE 26(f)**
18                                           **CONFERENCE**

19  DOE 1, an unknown individual, and
    DOES 2 through 10,
20
21              Defendants.
22
23
24
25
26

1

2

# TABLE OF CONTENTS

I.     **INTRODUCTION**.................................................................... 1

II.    **FACTUAL BACKGROUND**....................................................... 1

III.   **ARGUMENT**......................................................................... 4

     A. Standards for Granting Expedited Discovery............................ 4

     B. Ms. Dhillon Has Identified the Defendants

        With Sufficient Specificity...................................................... 5

     C. Ms. Dhillon Has Identified All Previous Steps Taken to

        Locate The Defendants.......................................................... 6

     D. Ms. Dhillon's Suit Against Defendants Could Withstand a

        Motion to Dismiss................................................................. 6

            i. First Amendment Rights Do Not Preclude

                Expedited Discovery.................................................... 7

            ii. Privacy Rights Do Not Preclude Expedited Discovery........ 9

     E. The Exemplary Subpoena Is Likely To Lead To Identifying

        Information That Will Permit Service of Process......................... 10

IV.   **THERE IS NO NEED TO TENDER WITNESS AND MILEAGE FEES**... 11

V.    **CONCLUSION**............................................................................. 12

1

**TABLE OF AUTHORITIES**

2 **Cases**

3 *Cavalier v. Random House, Inc.,* 297 F.3d 815 (9th Cir. 2002)..................................... 6

4 *Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573 (N.D. Cal. 1999)......................... 4 -6

5 *Cosmetic Ideas, Inc. v. IAC/Interactivecorp,* 606 F.3d 612 (9th Circ. 2010)...................... 2, 7

6 *Gillespie v. Civiletti,* 629 F.2d 637 (9th Cir. 1980)................................................... 4

7 *Goldberg v. Cameron,* 787 F.Supp.2d 1013 (N.D. Cal. 2011)...................................... 7

8 *Harper & Row Publishers, Inc., v. Nation Enterprises,* 471 U.S. 539 (1985)..................... 7-9

9 *IAC/Interactivecorp,* 606 F.3d 612 (9th Circ. 2010)................................................ 7

10 *IO Group, Inc. v. Does 1-65,* No. C 10-4377 SC

11    2010 WL 4055667, (E.D. Cal. June 9, 2010)..................................................... 4

12 *Monge v. Maya Magazines, Inc.,* 688 F.3d 1164 (9th Cir. 2012)..................................... 8

13 *Murphy v. Millennium Radio Grp. LLC,* 650 F.3d 295 (3d Cir. 2011)............................... 8

14 *Religious Technology Center v. Netcom On-Line Communication Services, Inc.,*

15    923 F.Supp.1231 (N.D. Cal. 1995)............................................................... 9

16 *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273 (N.D. Cal. 2002)................... 4

17 *Sony Music Entertainment Inc. v. Does 1-40,* 326 F.Supp.2d 556 (S.D.N.Y. 2004)............... 8, 9

18 *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406 (9th Cir. 1977)..................... 4

19 *Yokohama Tire Crop. V. Dealers Tire Supply, Inc.,* 202 F.R.D. 612 (D. Ariz. 2001).............. 4

20 **Statutes**

21 17 U.S.C. §107............................................................................................ 7

22 17 U.S.C.A. § 512........................................................................................ 3

23 Fed. Rule Civ. Proc. 6.................................................................................. 1

24 Fed. Rule Civ. Proc. 26................................................................................ 1, 4

25 Fed. Rule Civ. Proc. 45................................................................................ 11

26 U.S. Constitution, at Article I, §8, Clause 8........................................................ 8

---

Plaintiff's *Ex Parte* Application for Leave        **DHILLON & SMITH LLP**
To Take Discovery Prior to Rule 26(f) Conference

1

## I.   INTRODUCTION

2      Plaintiff Harmeet K. Dhillon ("Ms. Dhillon"), by and through her attorneys, makes
3   this *Ex Parte* Application for Leave to Take Limited Discovery Prior to a Rule 26(f)
4   Conference pursuant to Federal Rule of Civil Procedure 26(d), on the grounds that Ms.
5   Dhillon has made a *prima facie* showing of copyright infringement, and without the
6   expedited discovery, Ms. Dhillon will be unable to identify the Defendants with sufficient
7   particularity to effect service of process or to obtain redress for the infringement. This *Ex*
8   *Parte* Application is supported by the Memorandum of Points and Authorities set forth
9   below and the concurrently-filed Declaration of Harmeet K. Dhillon In Support of *Ex Parte*
10  Application ("Dhillon Decl.").

11     Ms. Dhillon could not obtain a stipulation for this *Ex Parte* Application because,
12  despite exhausting traditional avenues for identifying Defendants pre-service, she cannot
13  identity the Defendants with whom to confer until the requested discovery takes place.
14  Dhillon Decl., ¶13.

15     Rule 6(c)(1)(c) of the Federal Rules of Civil Procedure, relating to times for filing
16  motions and setting hearings, provides that for good cause a party may apply *ex parte* for
17  setting a different time to file a motion with respect to a hearing date. Because there is
18  currently no Defendant in this case to oppose any motion, or upon whom to serve a copy
19  of a motion or an *ex parte* application, there would be no opposition if a motion were filed
20  instead of an *ex parte* application. Therefore, no briefing schedule need be set.

21

## II.   FACTUAL BACKGROUND

22     Ms. Dhillon is a civil litigation attorney practicing in San Francisco and an active
23  participant in political matters in the State of California.  She has run for the California
24  State Assembly, District 13, in 2008, and for the California State Senate, District 11, in 2012.
25  Ms. Dhillon is also an active member of the California Republican Party ("CAGOP") and
26  currently serves as the Vice Chairman of CAGOP for the 2013-2015 term, and is the

---

Plaintiff's *Ex Parte* Application for Leave                    **DHILLON & SMITH LLP**
To Take Discovery Prior to Rule 26(f) Conference

1 | Chairman of the San Francisco Republican Party.

2 | The work at issue in this case is a headshot photograph of Ms. Dhillon taken in 2008
3 | (the "Headshot Photograph"), in connection with her candidacy for Member of the State
4 | Assembly, District 13, which Ms. Dhillon has used in her political campaign political
5 | activities and in various professional marketing efforts, beginning in June 2008. Dhillon
6 | Decl., ¶¶ 2-3. The Headshot Photograph and the copyright therein are solely owned by Ms.
7 | Dhillon. Dhillon Decl., ¶3. The Headshot Photograph is registered with the U.S. Copyright
8 | Office, which received Ms. Dhillon's complete application on February 21, 2013. Dhillon
9 | Decl., ¶5, Exh. A; *see also Cosmetic Ideas, Inc. v. IAC/Interactivecorp*, 606 F.3d 612 (9th Circ.
10 | 2010) (receipt of complete application by Copyright Office satisfied requirement in
11 | Copyright Act for registration before bringing infringement action).

12 | On February 12, 2013, without Ms. Dhillon's authorization or a valid license,
13 | Defendant Doe 1 anonymously published on the website www.MungerGames.net
14 | ("MungerGames.net") an article entitled "Meet Harmeet," which featured the Headshot
15 | Photograph at the top of the article. Complaint, ¶15; Dhillon Decl., ¶¶ 6-7, Exh. B. On
16 | information and belief, Does 2 through 10 cooperatively acted with each other and/or with
17 | Doe 1 to distribute unauthorized copies of the Headshot Photograph through the "Meet
18 | Harmeet" article. Complaint, ¶16.

19 | Upon learning of the "Meet Harmeet" article, Ms. Dhillon promptly took all
20 | reasonable steps to discover the identity of Defendants. Dhillon Decl., ¶8. According to
21 | information obtained on www.whois.com, a query and response protocol that allows users
22 | to query databases that store the registered users or assignees of an Internet research, the
23 | domain name Mungergames.net is hosted by the web hosting provider and domain name
24 | registrar, DreamHost ("DreamHost"), owned by New Dream Network, LLC. Dhillon Decl.,
25 | ¶8, Exh. C.[1]

26 | [1] DreamHost's Privacy Policy explicitly notes that "the contact information that [customers]
provide to us is used to register your domain name and is, by the very nature of the domain

Plaintiff's *Ex Parte* Application for Leave        **DHILLON & SMITH LLP**
To Take Discovery Prior to Rule 26(f) Conference

1  On February 13, 2013, Ms. Dhillon emailed DreamHost to alert it of the infringement
2  of her copyrighted material and demanded to be immediately put in contact with the
3  owner of the Mungergames.net website in order to get the copyrighted material taken
4  down. Dhillon Decl., ¶9. DreamHost responded by instructing Ms. Dhillon to submit a
5  formal notification of claimed infringement, pursuant to the Digital Millennium Copyright
6  Act, 17 U.S.C.A. section 512(c)(3)(A)(i-vi). Dhillon Decl., ¶9. Ms. Dhillon complied with this
7  request and submitted a formal notification of infringement pursuant to that statute on
8  February 15, 2013. Dhillon Decl., ¶9. Subsequently, the Headshot Photograph was removed
9  from the "Meet Harmeet" article. Dhillon Decl., ¶10.[2] However, DreamHost has declined to
10 disclose to Ms. Dhillon the account information for owner for the Mungergames.net
11 domain name, or the names, addresses, telephone numbers and/or e-mail addresses of the
12 individual(s) responsible for the posting of the copyrighted material on the "Meet
13 Harmeet" article. Dhillon Decl., ¶11.

14  Despite the diligent best efforts of Ms. Dhillon and her attorneys, Ms. Dhillon has
15 not been able to discover the identities of Does 1 through 10, who Ms. Dhillon is informed
16 and believes are responsible for the unauthorized copying and distribution of the
17 Headshot Photograph. In order to obtain this critical information, Ms. Dhillon seeks leave
18 from the Court to serve a Rule 45 third-party subpoena on New Dream Network, LLC, of
19 which DreamHost is a registered trademark,[3] prior to a Rule 26 Case Management
20 Conference. A copy of the proposed subpoena is attached to this *ex parte* application as
21 Exhibit 1.

22

23

24 registration system, available for public viewing in many places on the Internet via the use
of the 'whois' tool." DreamHost Privacy Policy, http://dreamhost.com/privacy-policy/.
25 [2] The "Meet Harmeet" article remains posted on Mungergames.net, but Ms. Dhillon's name
now appears where the Headshot Photograph once appeared. Dhillon Decl., ¶10.
26 [3] DreamHost's website states that "DreamHost is a registered trademark of New Dream
Network, LLC © 1997-2013. See http://dreamhost.com/.

Plaintiff's *Ex Parte* Application for Leave          **DHILLON & SMITH LLP**
To Take Discovery Prior to Rule 26(f) Conference
-3-

1

2

### III.   ARGUMENT

#### A. Standards for Granting Expedited Discovery

3    Rule 26(d) of the Federal Rules of Civil Procedure provides that a party may not

4   seek discovery from any source before the party has conferred as required by Rule 26(f),

5   unless such discovery is authorized by, *inter alia,* a court order. Fed. R. Civ. Proc. 26(d).

6   Courts in this district apply the conventional "good cause" standard in determining

7   whether expedited discovery is warranted under Rule 26(d). *See, e.g., Semitool, Inc. v. Tokyo*

8   *Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002); *IO Group, Inc. v. Does 1-65,* No. C 10-

9   4377 SC, 2010 WL 4055667, at *2 (E.D. Cal. June 9, 2010); *Yokohama Tire Crop. V. Dealers Tire*

10   *Supply, Inc.,* 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards). "Good

11   cause may be found where the need for expedited discovery, in consideration of the

12   administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc.,*

13   208 F.R.D. at 276. Courts have recognized that "good cause is frequently found in cases

14   involving claims of infringement and unfair competition." *Id.*

15    According to the Ninth Circuit, "where the identity of alleged defendants will not be

16   known prior to the filing of a complaint[,]…the plaintiff should be given an opportunity

17   through discovery to identify the unknown defendants, unless it is clear that discovery

18   would not uncover the identities, or that the complaint would be dismissed on other

19   grounds." *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980); *see also Wells Fargo & Co. v.*

20   *Wells Fargo Express Co.,* 556 F.2d 406, 430, n. 24 (9th Cir. 1977) (holding that a district court

21   does have jurisdiction to determine the facts relevant to whether or not it has *in personam*

22   jurisdiction in a given case). The problem of the unknown defendant infringing copyrights

23   has worsened with the growth of the Internet.  As discussed by this Court in *Columbia Ins.*

24   *Co. v. Seescandy.com,* 185 F.R.D. 573, 577 (N.D. Cal. 1999),

25

26    "With the rise of the Internet has come the ability to commit certain tortious
      acts,   such   as   defamation,   copyright   infringement,   and   trademark

---

Plaintiff's *Ex Parte* Application for Leave                    **DHILLON & SMITH LLP**
To Take Discovery Prior to Rule 26(f) Conference

-4-

infringement, entirely on-line. The tortfeasor can act pseudonymously or anonymously and may give fictitious or incomplete identifying information. Parties who have been injured by these acts are likely to find themselves chasing the tortfeasor from Internet Service Provider (ISP) to ISP, with little or no hope of actually discovering the identity of the tortfeasor. In such cases the traditional reluctance for permitting filings against John Doe defendants or fictitious names and the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with an forum [sic] in which they may seek redress for grievances."

*Columbia Ins. Co,* 185 F.R.D. at 577.

In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process. *See Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). As discussed below, Plaintiff has "exhausted traditional avenues for identifying Defendants pre-service" and meets the four good cause factors, and is entitled to expedited discovery. *Columbia Ins. Co., supra,* 185 F.R.D. at 578.

### B. Ms. Dhillon Has Identified the Defendants With Sufficient Specificity

The four-part good cause test requires a plaintiff to "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court," in order "to ensure that federal requirements of jurisdiction and justiciability can be satisfied." *Columbia Ins. Co, supra,* 185 F.R.D. at 578.

Ms. Dhillon's papers establish that DreamHost is the web host for the domain name Mungergames.net, and that DreamHost has in its possession the true names and identities of the owner(s) of Mungergames.net. Dhillon Decl., ¶¶8-11. To the extent that the owner(s) of Mungergames.net are not the individual(s) and/or entity(ies) directly responsible for the

1  copying and distribution of the Headshot Photograph, those individual(s) or entity(ies)

2  reasonably will be able to identify the appropriate defendants. Ms. Dhillon has made a

3  satisfactory showing that there is an actual person or persons behind the infringing acts

4  who would be amenable to suit in federal court. The MungerGames website exclusively

5  discusses issues that relate to the internal politics of the California Republican Party and

6  would only be of interest to those involved with the CRP. Ms. Dhillon has identified the

7  entity that should be served with a subpoena.

8              ## C. Ms. Dhillon Has Identified All Previous Steps Taken To Locate The

9                            ## Defendants

10        Ms. Dhillon and her attorneys have made a good faith effort to specifically identify

11  the Defendants in order to allow for service of process on the Defendants, by taking the

12  following steps: 1) upon learning of the "Meet Harmeet" article on the MungerGames

13  website, Ms. Dhillon conducted Internet research revealing that the domain name

14  Mungergames.net is hosted by DreamHost; 2) Ms. Dhillon contacted DreamHost by email

15  to demand disclosure of the identity(ies) of the owners of the Mungergames.net domain

16  name; 3) Ms. Dhillon submitted a formal notification of claimed infringement pursuant to

17  the Digital Millennium Copyright Act. Dhillon Decl., ¶¶7-10. Despite these efforts,

18  DreamHost has declined to disclose the identities of the Doe Defendants. Dhillon Decl.,

19  ¶11. Ms. Dhillon has "exhausted traditional avenues for identifying Defendants pre-

20  service" and is entitled to expedited discovery. *Columbia Ins. Co., supra,* 185 F.R.D. at 578

21              ## D. Ms. Dhillon's Suit Against Defendants Could Withstand a Motion to

22                            ## Dismiss

23        Ms. Dhillon can establish that her suit against Defendants could withstand a motion

24  to dismiss, and has clearly made "some showing that an act giving rise to civil liability

25  actually occurred and that the discovery is aimed at revealing specific identifying features

26  of the person or entity who committed that act." *Columbia Ins. Co, supra,* 185 F.R.D. at 580.

---

Plaintiff's *Ex Parte* Application for Leave                    **DHILLON & SMITH LLP**
To Take Discovery Prior to Rule 26(f) Conference

1   To show direct copyright infringement, a plaintiff "must demonstrate (1) ownership of a
2   valid copyright, and (2) copying of constituent elements of the work that are original."
3   *Goldberg v. Cameron*, 787 F.Supp.2d 1013 (N.D. Cal. 2011) (internal citations omitted);
4   *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).

5       Ms. Dhillon has demonstrated that she owns the sole and valid copyright to the
6   Headshot Photograph, pursuant to a Copyright Transfer Agreement between herself and
7   the creator of the photographs and as a result of her submission of a complete copyright
8   application with the U.S. Copyright Office. *See* Dhillon Decl., ¶4-5. *Cosmetic Ideas, Inc. v.*
9   *IAC/Interactivecorp*, 606 F.3d 612 (9th Circ. 2010) (receipt of complete application by
10  Copyright Office satisfied requirement in Copyright Act for registration before bringing
11  infringement action); 17 USC 410(c) (registration made before or within five years after first
12  publication of the work shall constitute *prima facie* evidence of the validity of the copyright
13  and of the facts stated in the certificate). Ms. Dhillon has also demonstrated that the
14  Headshot Photograph, in its entirety, was copied and distributed without Ms. Dhillon's
15  authorization or a license by Defendants, via the Mungergames website. *See* Dhillon Decl.,
16  ¶6-7. Accordingly, Ms. Dhillon has stated a *prima facie* case for federal copyright
17  infringement.

18              i.    **First Amendment Rights Do Not Preclude Expedited Discovery**

19      While Defendants may argue that their unauthorized use of the copyrighted
20  Headshot Photograph is "fair use" pursuant to 17 U.S.C. §107, such an argument must fail
21  under the facts of this case. Under the fair use doctrine, the Court considers (1) the purpose
22  and character of the use, including whether such use is of a commercial nature or is for
23  nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and
24  substantiality of the portion used in relation to the copyrighted work as a whole; and (4)
25  the effect of the use upon the potential market for or value of the copyrighted work. 17
26  U.S.C. §107; *Harper & Row Publishers, Inc., v. Nation Enterprises*, 471 U.S. 539 (1985).

Plaintiff's *Ex Parte* Application for Leave                    **DHILLON & SMITH LLP**
To Take Discovery Prior to Rule 26(f) Conference

-7-

1    Even in news reporting, fair use has its bounds. For instance, "there is no general
2    'newsworthiness' exception... newsworthiness itself does not lead to transformation."
3    *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1176 (9th Cir. 2012); *see also Murphy v.*
4    *Millennium Radio Grp. LLC*, 650 F.3d 295, 307 (3d Cir. 2011) ("news reporting does not enjoy
5    a blanket exemption from copyright. News organizations are not free to use any and all
6    copyrighted works without the permission of the creator simply because they wish to
7    report on the same events a work depicts"). Similarly, there is no *per se* "public interest"
8    exception to copyright protection. *See, e.g., Harper & Row, supra,* 471 U.S. at 559 ("[i]t is
9    fundamentally at odds with the scheme of copyright to accord lesser rights in those works
10   that are of greatest importance to the public. Such a notion ignores the major premise of
11   copyright and injures author and public alike"). "To negate fair use one need only show
12   that if the challenged use should become widespread, it would adversely affect the
13   potential market for the copyrighted work." *Id.,* 471 U.S. at 559.

14   The U.S. Constitution, at Article I, §8, Clause 8, empowers Congress to provide for
15   an author's exclusive rights to his work, and this grant "is intended to motivate the creative
16   activity of authors and inventors by the provision of a special reward." *Harper & Row,*
17   *supra,* 471 U.S. at 546. "Anonymous speech, like speech from identifiable sources, does not
18   have absolute protection. The First Amendment, for example, does not protect copyright
19   infringement [and]...[p]arties may not use the First Amendment to encroach upon the
20   intellectual property rights of others." *Sony Music Entertainment Inc. v. Does 1-40,* 326
21   F.Supp.2d 556, 562-63 (S.D.N.Y. 2004). While a person who uses the Internet to download
22   or distribute copyrighted works without permission may be engaging in speech, that
23   person is engaging in speech only to a limited extent, and the First Amendment does not
24   protect the person's identity from disclosure. *See Sony Music Entertainment Inc., supra,* 326
25   F.Supp.2d 556.

26   In light of the above authorities and the facts of this case, Defendants will not be

---

Plaintiff's *Ex Parte* Application for Leave                    **DHILLON & SMITH LLP**
To Take Discovery Prior to Rule 26(f) Conference

1    able to establish that their unauthorized use of the Headshot Photograph was statutory fair

2    use. Defendants have copied the *entirety* of the copyrighted material and published the

3    Headshot Photograph, in full, on the Mungergames.net website. While use of a large

4    percentage or the "heart" of a copyrighted work does not necessarily rule out fair use, the

5    remaining factors are not sufficiently in Defendants' favor to overcome the "amount and

6    substantiality of portion used" fair use factor. *See, e.g., Religious Technology Center v. Netcom*

7    *On-Line Communication Services, Inc.*, 923 F.Supp.1231, 1250 (N.D. Cal. 1995) ("[i]n balancing

8    the various factors, the court finds that the [large] percentage of plaintiffs' works copied

9    combined with the minimal added criticism or commentary negates a finding of fair use").

10   Defendants do not provide criticism or commentary of the copyrighted work in making

11   unauthorized use of the Headshot Photograph. The fact that the content of the underlying

12   "Meet Harmeet" article may have some public importance is not relevant to fair use of the

13   photograph itself, and moreover, there is no *per se* "public interest" exception to copyright

14   protection. *See Harper & Row, supra*, 471 U.S. at 559. Finally, if Defendants continue to use,

15   copy and distribute the Headshot, it could have a deleterious effect on the value of and the

16   market for Ms. Dhillon's license to use the Headshot Photograph. Dhillon Decl., ¶12.

17   Accordingly, Defendants' use of the Headshot Photograph is not fair use and does not

18   subject this action to a motion to dismiss on that ground.

19                    **ii.    Privacy Rights Do Not Preclude Expedited Discovery**

20          Ms. Dhillon is also entitled to discovery in light of defendants' minimal expectation

21   of privacy. *See Sony Music Entertainment Inc., supra*, 326 F.Supp.2d 556. DreamHost's Terms

22   of Service, to which its subscribers – including, on information and belief, the Doe

23   Defendants – must commit, requires its subscribers to "warrant[ ] that it has the right to

24   use the trademarks and copyrights applicable to all content and/or products being made

25   available    through    the    customer's    account."    DreamHost    Terms    of    Service,

26   http://dreamhost.com/terms-of-service/. DreamHost's "Acceptable Use Policy" specifically

---

Plaintiff's *Ex Parte* Application for Leave                          **DHILLON & SMITH LLP**
To Take Discovery Prior to Rule 26(f) Conference

1 | prohibits "[t]ransmission of any material in violation of any Country, Federal, State or local
2 | regulation," including "housing any copyrighted information (to which the customer does
3 | not hold the copyright or an appropriate license) on DreamHost Web Hosting's Server."
4 | DreamHost Acceptable Use Policy, http://dreamhost.com/acceptable-use-policy/.
5 | DreamHost's Privacy Policy explicitly warns that "identifying information will be
6 | provided to law enforcement and officials of the court including attorneys as situations
7 | require." DreamHost Privacy Policy, http://dreamhost.com/privacy-policy/. Moreover,
8 | DreamHost's Privacy Policy notes that "the contact information that [customers] provide to
9 | us is used to register your domain name and is, by the very nature of the domain
10 | registration system, available for public viewing in many places on the Internet via the use
11 | of the 'whois' tool." DreamHost Privacy Policy, http://dreamhost.com/privacy-policy/.
12 | Accordingly, Defendants have little expectation of privacy in distributing copyrighted
13 | photographs, including the Headshot Photograph, without permission. *See Sony Music*
14 | *Entertainment Inc., supra,* 326 F.Supp.2d 556.

15 | In sum, defendants' First Amendment rights must give way to plaintiffs' right to use
16 | the judicial process to pursue a meritorious copyright infringement claim.

17 | **E. The Exemplary Subpoena Is Likely To Lead to Identifying Information**
18 | **That Will Permit Service of Process**

19 | Ms. Dhillon requests that the Court issue an order allowing her to immediately
20 | serve (i.e., before a Rule 26(f) conference) a subpoena on New Dream Network, LLC, on
21 | behalf of DreamHost, in substantially the same form as the example attached hereto as
22 | Exhibit 1. The example subpoena identifies DreamHost as its recipient and requests
23 | production of: "[d]ocuments sufficient to identify the account information for the domain
24 | name "Mungergames.net," hosted by DreamHost, including the names, addresses,
25 | telephone numbers, and e-mail addresses of the owner(s) of the domain name
26 | "Mungergames.net."

Plaintiff's *Ex Parte* Application for Leave                    **DHILLON & SMITH LLP**
To Take Discovery Prior to Rule 26(f) Conference
-10-

1  The information sought by the subpoena will be sufficient to enable Ms. Dhillon to
2  identify the Doe Defendants and facilitate service of process, and will allow her to pursue
3  this action for copyright infringement. Judges of this District have issued similar orders in
4  similar cases. *See, e.g.*, Judge Joseph C. Spero, Case No. CV10-05885-JCS; Magistrate Judge
5  Maria-Elena James, Case No. C10-04471-MEJ; Magistrate Judge Laurel Beeler, Case No.
6  C10-04468-LB.

7  **IV.    THERE IS NO NEED TO TENDER WITNESS AND MILEAGE FEES**

8  The subpoena to be issued will be only for production of documents and records.
9  No appearance at a deposition will be required. Rule 45(b)(1) provides that "[s]ervice of a
10 subpoena upon a person named therein shall be made by delivering a copy thereof to such
11 person and, *if the person's attendance is commanded,* by tendering to that person the fees for
12 one day's attendance and the mileage allowed by law." Fed.R.Civ.Proc. 45(b)(1) (emphasis
13 added). Rule 45(c)(2)(A) provides that "[a] person commanded to produce documents,
14 electronically stored information, or tangible things, or to permit the inspection of
15 premises, *need not appear at the place of production or inspection unless also commanded to appear*
16 *for a deposition,* hearing, or trial." Fed.R.Civ.Proc. 45(c)(2)(A) (emphasis added).

17 To avoid confusion in the event that New Dream Network, LLC insists upon
18 advance payment of witness and mileage fees, Ms. Dhillon requests that the Court's order
19 specify that witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of Civil
20 Procedure do not apply. The Proposed Order includes provisions in this regard.

21
22
23
24
25
26

1

## V.     CONCLUSION

2      In light of the foregoing, Ms. Dhillon respectfully requests that her *Ex Parte*

3 Application be granted, and that the Court enter an order substantially in the form of the

4 Proposed Order filed concurrently herewith.

5

6 Date: April 1, 2013                    DHILLON & SMITH LLP

7

8                            By: _____

9                                 HAROLD P. SMITH

10                                KRISTA L. DHILLON
                                  PRIYA BRANDES

11                                Attorneys for Plaintiff
                                  Harmeet K. Dhillon

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2 # Exhibit 1

3

4 To Plaintiff's Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule

5 26(f) Conference

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Harmeet K. Dhillon, an individual <br> *Plaintiff* | ) <br> ) |
| v. | )    Civil Action No.   CVxx-xxxxx-ABC |
| DOE1, an unknown individual, and DOES 2 through 10 <br> *Defendant* | ) <br> )    (If the action is pending in another district, state where: <br> )                                ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, DreamHost Network, LLC, 101 Wilshire Blvd., Ste. 5050, Los Angeles, CA 90017

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Documents sufficient to identify the account information for the domain name "Mungergames.net," hosted by DreamHost, including the names, addresses, telephone numbers, and e-mail addresses of the owner(s) of the domain name "Mungergames.net." You are to comply with this subpoena pursuant to the terms set forth in the Order attached hereto as Attachment B.

| Place: Dhillon & Smith LLP <br> 177 Post Street, Suite 700 <br> San Francisco, CA 94108 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

                       *CLERK OF COURT*

                                             OR

         _____          _____
            *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Plaintif Harmeet K. Dhillon , who issues or requests this subpoena, are:

Harold P. Smith, Krista L. Shoquist, DHILLON & SMITH LLP, 177 Post Street, Suite 700, San Francisco, CA 94108, email: kshoquist@dhillonsmith.com; Tel: 415-433-1700

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CVxx-xxxxx-ABC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).