UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMEET K. DHILLON,<br><br>   Plaintiff,<br><br>  v.<br><br>DOE 1, an unknown individual, et al.,<br><br>   Defendants. | Case No. 13-01465-JCS<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE** |

  The Court, having reviewed Plaintiff's Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference and the supporting documents submitted therewith, and good cause appearing therefore, hereby grants Plaintiff's Ex Parte Application and orders as follows:

  1. IT IS HEREBY ORDERED that Plaintifff is allowed to serve immediate discovery on DreamHost Network, LLC, on behalf of DreamHost, to obtain the identity of the Doe Defendants listed in Plaintiff's Complaint by serving a Rule 45 subpoena that seeks information sufficient to identify each such defendant, including the account information for the domain name "Mungergames.net," hosted by DreamHost, and the name, addresses, telephone numbers, and email addresses of each such Defendant.

  2. IT IS FURTHER ORDERED that Plaintiff's counsel shall issue subpoena(s) in substantially the same form as the example attached as Exhibit 1 to Plaintiff's Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference, with each subpoena including a copy of this Order.

  3. IT IS FURTHER ORDERED that DreamHost Network, LLC, will have 30 days from the date of service upon it to serve each entity or person whose information is sought with a copy of the subpoena and a copy of this Order. DreamHost Network, LLC, may serve the entities

and persons using any reasonable means, including written notice sent to the entity's or person's last known address, transmitted either by first-class mail or via overnight service.

4.  IT IS FURTHER ORDERED that each entity and person and DreamHost Network, LLC, will have 30 days from the date of service upon him, her, or it to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena).  If that 30-day period lapses without the entity contesting the subpoena, DreamHost Network, LLC, shall have 10 days to produce to Plaintiff the information responsive to the subpoena with respect to that entity.

5.  IT IS FURTHER ORDERED that, because no appearance by a person or deposition is required by the subpoena, instead only production of documents, records, and the like is required, the witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of Civil Procedure do not apply and no such fees need by tendered.

6.  IT IS FURTHER ORDERED that DreamHost Network, LLC, shall not assess any charge to the Plaintiff in advance for providing the information requested in the subpoena, and that if DreamHost Network, LLC, elects to charge for the costs of production, it shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by such recipient.

7.  IT IS FURTHER ORDERED that DreamHost Network, LLC, shall preserve all subpoenaed information pending its delivering such information to Plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

8.  IT IS FURTHER ORDERED that any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting her rights under the Copyright Act, 17 U.S.C. § 101 et seq, and may not be disclosed to anyone other than the parties in this action and their counsel of record pending further order of this Court.

IT IS SO ORDERED.

Dated: April 3, 2013

_____
Joseph C. Spero
United States Magistrate Judge