HAROLD P. SMITH, ESQ. (SBN: 126985)
psmith@dhillonsmith.com
KRISTA L. SHOQUIST, ESQ. (SBN: 264600)
kshoquist@dhillonsmith.com
PRIYA BRANDES, ESQ. (SBN:  286714)
pbrandes@dhillonsmith.com
DHILLON & SMITH LLP
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Plaintiff
Harmeet K. Dhillon

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## San Francisco Division

| | |
|---|---|
| HARMEET K. DHILLON, an individual, | Case Number: 13-01465-SI |
| Plaintiff, | **ADMINISTRATIVE MOTION FOR ORDER COMPELLING COMPLIANCE WITH SUBPOENA PURSUANT TO LOCAL RULE 7-11** |
| v. | |
| DOE 1, an unknown individual, and DOES 2 through 10, | |
| Defendants. | |

Administrative Motion for Order                                    **DHILLON & SMITH LLP**
Compelling Compliance with Subpoena

-1-

## I.    INTRODUCTION

Pursuant to Local Rule 7-11, Plaintiff Harmeet K. Dhillon ("Plaintiff") respectfully submits this Administrative Motion for an Order Compelling Compliance by third party New Dream Network, LLC, dba DreamHost ("New Dream Network") with the federal subpoena served on it on April 11, 2013 (the "Subpoena"). Plaintiff seeks this relief because Plaintiff has taken all steps within her power to obtain the information sought by the Subpoena, without success, and the identities of the Doe Defendants listed in Plaintiff's Complaint will remain unknown until compliance with the Subpoena has occurred. Plaintiff respectfully requests that this Court issue an Order compelling compliance with the Subpoena, which Order Plaintiff intends promptly to serve on New Dream Network.

## II.    PROCEDURAL BACKGROUND

Ms. Dhillon filed her Complaint on April 2, 2013, naming ten Doe Defendants alleged to have infringed upon her copyrights in violation of 17 U.S.C. §101 *et seq.* Dkt. 1 (Complaint). On the same day, Ms. Dhillon filed an *Ex Parte* Application for Leave to Take Limited Discovery Prior to a Rule 26(f) Conference pursuant to Federal Rule of Civil Procedure 26(d), on the grounds that she had made a *prima facie* showing of copyright infringement, and without expedited discovery in the form of a Subpoena for documents to New Dream Network, LLC, on behalf of DreamHost ("New Dream Network") – the entity believed to be in possession of information identifying the Doe Defendants – she would be unable to identify the Defendants with sufficient particularity to effect service of process or to obtain redress for the infringement. Dkt. 2 (*Ex Parte* Application). The *Ex Parte* Application attached as Exhibit 1 an example of the Subpoena to be served on New Dream Network. *Id.*

On April 9, 2013, the Court filed an Amended Order[1] granting Ms. Dhillon's *Ex Parte* Application and allowing Ms. Dhillon to serve a Rule 45 Subpoena on New Dream Network, in order to obtain the identity of the Doe Defendants listed in the Complaint. Dkt. 8 (Amended Order). The Amended Order set forth all deadlines relevant to the Subpoena, including that 1) New Dream Network would have 30 days from the date of service upon it to serve each entity or person whose information is sought with a copy of the Subpoena and a copy of the Amended Order; 2) each entity and person so notified would have 30 days from service to file any motions in this Court contesting the Subpoena; and 3) if the 30-day period lapsed without the entity contesting the Subpoena, New Dream Network would have 10 days to produce to Plaintiff the information responsive to the Subpoena with respect to that entity. Dkt. 8.

On April 11, 2013, Ms. Dhillon promptly served New Dream Network with a Subpoena in substantially the same form as the example attached as Exhibit 1 to her *Ex Parte* Application. *See* Declaration of Krista L. Shoquist In Support of Administrative Motion ("Shoquist Decl."), ¶2, Exhibit A (Subpoena); Exhibit B (Proof of Service).

On June 10, 2013, the 60-day period for any affected person or entity to file a motion contesting the Subpoena lapsed, with no such motion being filed. Shoquist Decl., ¶3. New Dream Network's deadline to produce documents pursuant to the Subpoena was 10 days later, on June 21, 2013. No such production was made on that date. *Id.*

Following New Dream Network's failure to produce documents pursuant to the Subpoena, Plaintiff's counsel made a diligent search for direct contact information for New Dream Network in order to follow up on the status of the Subpoena compliance. Shoquist Decl., ¶4.  On June 25, 2013, Plaintiff's counsel contacted New Dream

---

[1] The original [Proposed] Order granted by the Court on April 3, 2013 (Dkt. 6) contained a typographical error that was subsequently corrected by Plaintiff's counsel.

| Administrative Motion for Order | **DHILLON & SMITH LLP** |
|---|---|
| Compelling Compliance with Subpoena | |

Network by email through the "Contact Us" page listed on its website. Shoquist Decl., ¶4. Plaintiff's counsel also faxed a letter to New Dream Network at the only fax number Plaintiff's counsel could find after a diligent search. Shoquist Decl., ¶4; Exhibit C (copy of letter). Plaintiff's counsel has, to date, received no response from New Dream Network.

### III.    ARGUMENT

Good cause exists to grant this Administrative Motion for an Order compelling New Dream Network to comply with the outstanding Subpoena. This Court has already found that good cause exists for the Subpoena on New Dream Network. Dkt. 8. New Dream Network was personally and properly served with the Subpoena and has had over 80 days to comply with the Subpoena and produce the information sought. New Dream Network has had a reasonable opportunity to respond to Plaintiff informally to work out any production issues in connection with the Subpoena, and has failed to do so.

Without the information sought in the Subpoena, Plaintiff will be prevented from naming defendants and moving this case forward. Indeed, the unknown identities of the Doe defendants have already forced Plaintiff to file an Administrative Motion seeking to continue the Initial Case Management Conference and related deadlines, which require the participation of named defendants. *See* Dkt. 10 (Administrative Motion).

Counsel for Ms. Dhillon could not obtain a stipulation for this Administrative Motion because, at the time of filing of the Administrative Motion, the identities of the Defendants with whom to confer is unknown. Shoquist Decl., ¶5.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court issue an Order compelling New Dream Network, LLC, dba DreamHost, to comply with the outstanding Subpoena, and further requests that this Court issue all other appropriate relief.

Date: July 2, 2013                                 DHILLON & SMITH LLP


                                      By:
                                          __/s/ Krista L. Shoquist_____
                                          HAROLD P. SMITH
                                          KRISTA L. DHILLON
                                          PRIYA BRANDES
                                          Attorneys for Plaintiff Harmeet K. Dhillon

---

Administrative Motion for Order                              **DHILLON & SMITH LLP**
Compelling Compliance with Subpoena

-5-