IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HARMEET DHILLON,

    Plaintiff,

v.

DOES 1 -10,

    Defendant.

    /

No. C 13-1465 SI

**ORDER DENYING ADMINISTRATIVE MOTION FOR ORDER COMPELLING COMPLIANCE WITH SUBPOENA**

Plaintiff Harmeet Dhillon filed an administration motion for an order compelling compliance with a Rule 45 subpoena. The subpoena was served on April 11, 2013, on a third party, New Dream Network, LLC, dba DreamHost ("New Dream Network"), and seeks the identities of the Doe defendants named in the complaint. The documents attached to plaintiff's motion show that New Dream Network was served with the subpoena at 818 West Seventh Street, 2nd Floor, Los Angeles, CA 90017, and that the subpoena directs New Dream Network to produce documents to plaintiff's counsel at 177 Post St., Suite 700, San Francisco, CA 94108. Plaintiff states that New Dream Network did not object to the subpoena and also did not produce any documents in response to the subpoena by the June 21, 2013 deadline. Plaintiff seeks an order compelling New Dream Network to comply with the subpoena.

Rule 45 directs that "a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2). Rule 45 also imposes territorial limits upon the area in which a subpoena may be served, directing *inter alia*, that "a subpoena may be served at any place within the district of the court by which it is issued, or at any place

without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena . . . ." Fed. R. Civ. P. 45(b)(2). Here, the subpoena was served outside the Northern District of California and it directs New Dream Network to produce documents in San Francisco, which is more than 100 miles of the address at which New Dream Network was served. "[N]onparties cannot be required to produce documents at a location more than 100 miles from their home or business." *Nieman v. LinkedIn Corp.*, No. CV 12–80258 PSG, 2013 WL 685203, at *2 (N.D. Cal. Feb. 25, 2013); *Miller v. Holzmann*, 471 F. Supp. 2d 119, 121 (D.D.C. 2007) ("[T]he limitation in Rule 45 unequivocally applies both to attending a deposition to testify and to being required to produce documents at a distance more than 100 miles from one's home."); *see also* Wright & Miller: Federal Practice & Procedure § 2454, Service of a Subpoena (2013); Hon. William W. Schwarzer, Hon. A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 11:2250 (2013).

Accordingly, the subpoena is invalid and cannot be enforced by this Court. Plaintiff should seek a subpoena from the Central District of California that directs production of documents in Los Angeles. *See id*. at §§ 11:2262-11:2270. Plaintiff's administrative motion is DENIED. Docket No. 16.

**IT IS SO ORDERED.**

Dated: July 21, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE