1  HAROLD P. SMITH, ESQ. (SBN: 126985)
   psmith@dhillonsmith.com
2  KRISTA L. SHOQUIST, ESQ. (SBN: 264600)
   kshoquist@dhillonsmith.com
3  PRIYA BRANDES, ESQ. (SBN: 286714)
   pbrandes@dhillonsmith.com
4
5  DHILLON & SMITH LLP
   177 Post Street, Suite 700
6  San Francisco, California 94108
   Telephone: (415) 433-1700
7  Facsimile: (415) 520-6593
8
9  Attorneys for Plaintiff
   Harmeet K. Dhillon
10
11               UNITED STATES DISTRICT COURT
12             NORTHERN DISTRICT OF CALIFORNIA
13                    San Francisco Division
14
15 HARMEET K. DHILLON, an individual,        Case Number:
16              Plaintiff,                    PLAINTIFF'S ADMINISTRATIVE
                                              MOTION FOR LEAVE TO TAKE
17         v.                                 LIMITED DISCOVERY PRIOR TO A
18                                            RULE 26(f) CONFERENCE
19 DOE 1, an unknown individual, and
   DOES 2 through 10,
20
21              Defendants.
22
23
24
25
26

---

Plaintiff's Administrative Motion for Leave          DHILLON & SMITH LLP
To Take Discovery Prior to Rule 26(f) Conference
                         -i-

1

**TABLE OF CONTENTS**

2

3    I.    **INTRODUCTION**……………………………………………...    1

4    II.   **FACTUAL BACKGROUND**……………………………………    1

5    III.  **ARGUMENT**…………………………………………………    4

6          A. Standards for Granting Expedited Discovery………………………    4

7          B. Ms. Dhillon Has Identified the Defendants

8             With Sufficient Specificity……………………………………...    6

9          C. Ms. Dhillon Has Identified All Previous Steps Taken to

10            Locate The Defendants…………………………………………...    6

11         D. Ms. Dhillon's Suit Against Defendants Could Withstand a

12            Motion to Dismiss…………………………………………    7

13               i. First Amendment Rights Do Not Preclude

14                  Expedited Discovery…………………………………………    8

15               ii. Privacy Rights Do Not Preclude Expedited Discovery……..    10

16         E. The Exemplary Subpoena Is Likely To Lead To Identifying

17            Information That Will Permit Service of Process……………………    10

18   IV.   **THERE IS NO NEED TO TENDER WITNESS AND MILEAGE FEES**…  11

19   V.    **CONCLUSION**…………………………………………………  12

20

21

22

23

24

25

26

---

1
**TABLE OF AUTHORITIES**

2
**Cases**

3
*Cavalier v. Random House, Inc.,* 297 F.3d 815 (9th Cir. 2002)…………………………….. 7

4
*Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999)……………………. 5 -7

5
*Gillespie v. Civiletti,* 629 F.2d 637 (9th Cir. 1980)……………………………………………. 5

6
*Goldberg v. Cameron,* 787 F.Supp.2d 1013 (N.D. Cal. 2011)………………………………… 7

7
*Harper & Row Publishers, Inc., v. Nation Enterprises,* 471 U.S. 539 (1985)………………… 8-9

8
*Monge v. Maya Magazines, Inc.,* 688 F.3d 1164 (9th Cir. 2012)…………………………… 8

9
*Murphy v. Millennium Radio Grp. LLC,* 650 F.3d 295 (3d Cir. 2011)…………………………... 8

10
*Religious Technology Center v. Netcom On-Line Communication Services, Inc.,*

11
    923 F.Supp.1231 (N.D. Cal. 1995)………………………………………………………. 9

12
*Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273 (N.D. Cal. 2002)……………..…. 4

13
*Sony Music Entertainment Inc. v. Does 1-40,* 326 F.Supp.2d 556 (S.D.N.Y. 2004)…………… 9

14
*Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406 (9th Cir. 1977)………………….. 5

15

16
**Statutes**

17
17 U.S.C. §107………………………………………………………………………………… 8

18
Fed. Rule Civ. Proc. 6………………………………………………………………………… 1

19
Fed. Rule Civ. Proc. 26…………………………………………………………………… 1, 4

20
Fed. Rule Civ. Proc. 45………………………………………………………………………... 11

21
U.S. Constitution, at Article I, §8, Clause 8………………………………………………….. 8

22

23

24

25

26

Plaintiff's Administrative Motion for Leave          **DHILLON & SMITH LLP**
To Take Discovery Prior to Rule 26(f) Conference
-iii-

# I.   INTRODUCTION

Plaintiff Harmeet K. Dhillon ("Ms. Dhillon"), by and through her attorneys, brings this Administrative Motion for Leave to Take Limited Discovery Prior to a Rule 26(f) Conference pursuant to Federal Rule of Civil Procedure 26(d), on the grounds that Ms. Dhillon has made a *prima facie* showing of copyright infringement, and without the expedited discovery, Ms. Dhillon will be unable to identify the Defendants with sufficient particularity to effect service of process or to obtain redress for the infringement. This Administrative Motion is supported by the Memorandum of Points and Authorities set forth below and the concurrently-filed Declarations of Harmeet K. Dhillon and Aaron F. Park In Support of Administrative Motion.

Ms. Dhillon could not obtain a stipulation for this Administrative Motion because, despite exhausting traditional avenues for identifying Defendants pre-service, she cannot identity the Defendants with whom to confer until the requested discovery takes place. Dhillon Decl., ¶11.

Rule 6(c)(1)(c) of the Federal Rules of Civil Procedure, relating to times for filing motions and setting hearings, provides that for good cause a party may apply *ex parte* for setting a different time to file a motion with respect to a hearing date. Because there is currently no Defendant in this case to oppose any motion, or upon whom to serve a copy of a motion, there would be no opposition if a noticed motion were filed instead of this administrative motion. Therefore, no briefing schedule need be set.

# II.   FACTUAL BACKGROUND

Ms. Dhillon is a civil litigation attorney practicing in San Francisco and an active participant in political matters in the State of California.  She has run for the California State Assembly, District 13, in 2008, and for the California State Senate, District 11, in 2012. Ms. Dhillon is also an active member of the California Republican Party ("CAGOP") and currently serves as the Vice Chairman of CAGOP for the 2013-2015 term, and is the

---

Chairman of the San Francisco Republican Party. *See* Docket 1 (Complaint).

The work at issue in this case is a headshot photograph of Ms. Dhillon taken in 2008 (the "Headshot Photograph"), in connection with her candidacy for Member of the State Assembly, District 13, which Ms. Dhillon has used in her political campaign political activities and in various professional marketing efforts, beginning in June 2008. *See* Declaration of Harmeet K. Dhillon In Support of Administrative Motion ("Dhillon Declaration"), ¶¶ 2-3. The Headshot Photograph and the copyright therein are solely owned by Ms. Dhillon, and have been since they came into existence. Dhillon Decl., ¶3. The Headshot Photograph is registered with the U.S. Copyright Office. Dhillon Decl., ¶5.

On February 12, 2013, without Ms. Dhillon's authorization or a valid license, Defendant Doe 1 anonymously published on the website www.mungergames.net ("Munger Games") an article entitled "Meet Harmeet," which featured the Headshot Photograph at the top of the article. Docket 1 (Complaint), ¶15; Dhillon Decl., ¶¶ 6-7. On information and belief, Does 2 through 10 cooperatively acted with each other and/or with Doe 1 to distribute unauthorized copies of the Headshot Photograph through the "Meet Harmeet" article. Docket 1 (Complaint), ¶16.

Upon learning of the "Meet Harmeet" article, Ms. Dhillon promptly took all reasonable steps to discover the identity of Defendants, including by requesting leave to serve, and serving, a Rule 45 subpoena on New Dream Network, LLC ("NDN"), on behalf of DreamHost, which is the web hosting provider that hosts the domain name Mungergames.net. Dhillon Decl., ¶8; *see also* Docket 8 (Amended Order). To date, there has been no production pursuant to that subpoena.

Despite the diligent best efforts of Ms. Dhillon and her attorneys, Ms. Dhillon has not been able to discover the identities of Does 1 through 10, who Ms. Dhillon is informed and believes are responsible for the unauthorized copying and distribution of the Headshot Photograph. However, Ms. Dhillon has recently discovered two sources that are

highly likely to possess information that will enable Ms. Dhillon to ascertain the identities

of the Doe defendants who are responsible for illegally posting the Headshot Photograph

on the Munger Games website. The sources include:

1. **Google, Inc.** As set forth in the Dhillon Declaration and in the Declaration of
   Aaron F. Park In Support of Administrative Motion ("Park Declaration"), an
   individual or individuals using the email address mungerwatch@gmail.com has
   sent to a list of undisclosed recipients several emails that provide information
   and updates about the Munger Games blog, and which include links directly to
   the Munger Games website at www.mungergames.net. *See* Dhillon Decl., ¶9;
   Park Decl., ¶15. Ms. Dhillon seeks leave to serve a subpoena to Google, Inc.
   ("Google"), requiring disclosure of documents sufficient to identify the account
   information for the email address mungerwatch@gmail.com, including the name,
   address and telephone number of the owner of this email address and the IP
   address(es) from which the user created the account and signed in and signed
   out, with dates and times. *See* Exhibit 1 (draft subpoena to Google).

2. **Michael John Schroeder (an individual).** As set forth in detail in the Park
   Declaration, substantial evidence establishes a direct connection between
   Michael John Schroeder ("Schroeder") and the blog "Munger Watch," which was
   hosted at www.mungerwatch.com in 2012 and which Mr. Schroeder took
   possession of in January 2013. *See* Park Declaration, ¶¶2-17. Additional evidence
   strongly suggests that the Munger Games blog at www.mungergames.net is a
   continuation of the Munger Watch blog belonging to Mr. Schroeder, and
   therefore that Mr. Schroeder possesses information that will enable Plaintiff to
   ascertain the identity(ies) of the individual(s) who are responsible for posting
   content on the Munger Games blog at www.mungergames.net. *See id.* Ms.
   Dhillon seeks a subpoena to Mr. Schroeder, requiring him to disclose any

documents sufficient to identify any individual(s) responsible for posting the "Meet Harmeet" blog at www.mungergames.net on February 12, 2013, including the name, address, phone number and email address of any such individual, and any communication between Schroeder and any such individual concerning the "Meet Harmeet" post, from February 12, 2013 to present. *See* Exhibit 2 (draft subpoena to Schroeder).

Ms. Dhillon seeks leave from the Court to serve a Rule 45 third-party subpoena on Google, Inc., and on Michael Schroder, respectively. Copies of the proposed subpoenas are attached to this Administrative Motion as Exhibits 1 and 2.

## III.   ARGUMENT

### A.  Standards for Granting Expedited Discovery

Rule 26(d) of the Federal Rules of Civil Procedure provides that a party may not seek discovery from any source before the party has conferred as required by Rule 26(f), unless such discovery is authorized by, *inter alia,* a court order. Fed. R. Civ. Proc. 26(d). Courts in this district apply the conventional "good cause" standard in determining whether expedited discovery is warranted under Rule 26(d). *See, e.g., Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002); *IO Group, Inc. v. Does 1-65,* No. C 10-4377 SC, 2010 WL 4055667, at *2 (E.D. Cal. June 9, 2010); *Yokohama Tire Crop. V. Dealers Tire Supply, Inc.,* 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc.,* 208 F.R.D. at 276. Courts have recognized that "good cause is frequently found in cases involving claims of infringement and unfair competition." *Id.*

According to the Ninth Circuit, "where the identity of alleged defendants will not be known prior to the filing of a complaint[,]…the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery

would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430, n. 24 (9th Cir. 1977) (holding that a district court does have jurisdiction to determine the facts relevant to whether or not it has *in personam* jurisdiction in a given case). The problem of the unknown defendant infringing copyrights has worsened with the growth of the Internet.  As discussed by this Court in *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999),

> "With the rise of the Internet has come the ability to commit certain tortious acts, such as defamation, copyright infringement, and trademark infringement, entirely on-line. The tortfeasor can act pseudonymously or anonymously and may give fictitious or incomplete identifying information. Parties who have been injured by these acts are likely to find themselves chasing the tortfeasor from Internet Service Provider (ISP) to ISP, with little or no hope of actually discovering the identity of the tortfeasor. In such cases the traditional reluctance for permitting filings against John Doe defendants or fictitious names and the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with an forum [sic] in which they may seek redress for grievances."

*Columbia Ins. Co,* 185 F.R.D. at 577.

In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process. *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). As discussed below, Plaintiff has "exhausted traditional avenues for identifying Defendants pre-service," meets the four good cause factors, and is therefore entitled to expedited discovery. *Columbia Ins. Co., supra,* 185 F.R.D. at 578.

---

Plaintiff's Administrative Motion for Leave
To Take Discovery Prior to Rule 26(f) Conference

**DHILLON & SMITH LLP**

1

2          **B.  Ms. Dhillon Has Identified the Defendants With Sufficient Specificity**

3          The four-part good cause test requires a plaintiff to "identify the missing party with

4   sufficient specificity such that the Court can determine that defendant is a real person or

5   entity who could be sued in federal court," in order "to ensure that federal requirements of

6   jurisdiction and justiciability can be satisfied." *Columbia Ins. Co, supra,* 185 F.R.D. at 578.

7          As abundantly established by the pleadings filed to date by Ms. Dhillon, the Doe

8   defendants are specifically identified as individuals who anonymously posted infringing

9   content on the Munger Games website at www.mungergames.net. One such individual

10  apparently is the user of email address mungerwatch@gmail.com, as evidenced by that

11  user's sending of email blast updates about the Munger Games blog with links to the

12  Munger Games website. The identities of the Doe defendants also are likely to be known to

13  Michael Schroeder, in light of his payment for and ownership of the Munger Watch blog

14  that appears to have been the precursor to the Munger Games blog and that provided

15  content to the Munger Games blog. *See* Park Declaration, ¶¶2-17.

16         Ms. Dhillon has made a satisfactory showing that there is an actual person or

17  persons behind the infringing acts who would be amenable to a copyright infringement

18  suit in federal court. The Munger Games website exclusively discusses issues that relate to

19  the California Republican Party ("CRP") and would mainly be of interest to people

20  involved with the CRP. Therefore, it is reasonable to assume that the Doe defendants are

21  individuals who reside in California and are subject to this Court's jurisdiction.

22         **C.  Ms. Dhillon Has Identified All Previous Steps Taken To Locate The**

23         **Defendants**

24         Ms. Dhillon and her attorneys have made numerous good faith efforts to specifically

25  identify the Defendants in order to serve them with process, including by taking the

26  following steps: 1) upon learning of the "Meet Harmeet" article on the MungerGames

---

Plaintiff's Administrative Motion for Leave                    **DHILLON & SMITH LLP**
To Take Discovery Prior to Rule 26(f) Conference

website, Ms. Dhillon conducted Internet research revealing that the domain name Mungergames.net is hosted by DreamHost; 2) Ms. Dhillon contacted DreamHost by email to demand disclosure of the identity(ies) of the owners of the Mungergames.net domain name; 3) Ms. Dhillon submitted a formal notification of claimed infringement pursuant to the Digital Millennium Copyright Act. *See* Docket 2 (Ex Parte Application); Docket 3 (Dhillon Decl. ISO Ex Parte Application). Upon DreamHost's refusal to disclose the identities of the Doe Defendants, Ms. Dhillon's counsel served subpoenas on New Dream Network, LLC, on behalf of DreamHost, but no production has been made. Ms. Dhillon has "exhausted traditional avenues for identifying Defendants pre-service" and is entitled to expedited discovery. *Columbia Ins. Co., supra,* 185 F.R.D. at 578.

### D. Ms. Dhillon's Suit Against Defendants Could Withstand a Motion to Dismiss

Ms. Dhillon can establish that her suit against Defendants could withstand a motion to dismiss, and has clearly made "some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Columbia Ins. Co, supra,* 185 F.R.D. at 580. To show direct copyright infringement, a plaintiff "must demonstrate (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Goldberg v. Cameron,* 787 F.Supp.2d 1013 (N.D. Cal. 2011) (internal citations omitted); *Cavalier v. Random House, Inc.,* 297 F.3d 815, 822 (9th Cir. 2002).

Ms. Dhillon has demonstrated that she owns the sole and valid copyright to the Headshot Photograph, including through a Copyright Transfer Agreement between herself and the creator of the photographs, and as a result of her submission of a complete copyright application with the U.S. Copyright Office. *See* Dhillon Decl., ¶4-5; Docket 2 (Ex Parte Application). Ms. Dhillon also has demonstrated that the Headshot Photograph, in its entirety, was copied and distributed without Ms. Dhillon's authorization or a license by

1   Defendants, via the Munger Games website at www.mungergames.net. *See* Dhillon Decl.,

2   ¶6-7. Accordingly, Ms. Dhillon has stated a *prima facie* case for federal copyright

3   infringement.

4                    **i.    First Amendment Rights Do Not Preclude Expedited Discovery**

5          While Defendants may argue that their unauthorized use of the copyrighted

6   Headshot Photograph is "fair use" pursuant to 17 U.S.C. §107, such an argument must fail

7   under the facts of this case. Under the fair use doctrine, the Court considers (1) the purpose

8   and character of the use, including whether such use is of a commercial nature or is for

9   nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and

10  substantiality of the portion used in relation to the copyrighted work as a whole; and (4)

11  the effect of the use upon the potential market for or value of the copyrighted work. 17

12  U.S.C. §107; *Harper & Row Publishers, Inc., v. Nation Enterprises,* 471 U.S. 539 (1985).

13         Even in news reporting, fair use has its bounds. For instance, "there is no general

14  'newsworthiness' exception… newsworthiness itself does not lead to transformation."

15  *Monge v. Maya Magazines, Inc.,* 688 F.3d 1164, 1176 (9th Cir. 2012); *see also Murphy v.*

16  *Millennium Radio Grp. LLC,* 650 F.3d 295, 307 (3d Cir. 2011) ("news reporting does not enjoy

17  a blanket exemption from copyright. News organizations are not free to use any and all

18  copyrighted works without the permission of the creator simply because they wish to

19  report on the same events a work depicts"). Similarly, there is no *per se* "public interest"

20  exception to copyright protection. *See, e.g., Harper & Row, supra,* 471 U.S. at 559 ("[i]t is

21  fundamentally at odds with the scheme of copyright to accord lesser rights in those works

22  that are of greatest importance to the public. Such a notion ignores the major premise of

23  copyright and injures author and public alike"). "To negate fair use one need only show

24  that if the challenged use should become widespread, it would adversely affect the

25  potential market for the copyrighted work." *Id.,* 471 U.S. at 559.

26         The U.S. Constitution, at Article I, §8, Clause 8, empowers Congress to provide for

---

Plaintiff's Administrative Motion for Leave                    **DHILLON & SMITH LLP**
To Take Discovery Prior to Rule 26(f) Conference

1    an author's exclusive rights to his work, and this grant "is intended to motivate the creative

2    activity of authors and inventors by the provision of a special reward." *Harper & Row,*

3    *supra,* 471 U.S. at 546. "Anonymous speech, like speech from identifiable sources, does not

4    have absolute protection. The First Amendment, for example, does not protect copyright

5    infringement [and]…[p]arties may not use the First Amendment to encroach upon the

6    intellectual property rights of others." *Sony Music Entertainment Inc. v. Does 1-40,* 326

7    F.Supp.2d 556, 562-63 (S.D.N.Y. 2004).  While a person who uses the Internet to download

8    or distribute copyrighted works without permission may be engaging in speech, that

9    person is engaging in speech only to a limited extent, and the First Amendment does not

10   protect the person's identity from disclosure. *See Sony Music Entertainment Inc., supra,* 326

11   F.Supp.2d 556.

12           In light of the above authorities and the facts of this case, Defendants will not be

13   able to establish that their unauthorized use of the Headshot Photograph was statutory fair

14   use. Defendants copied the *entirety* of the copyrighted material and published the

15   Headshot Photograph, in full, on the Mungergames.net website. While use of a large

16   percentage or the "heart" of a copyrighted work does not necessarily rule out fair use, the

17   remaining factors are not sufficiently in Defendants' favor to overcome the "amount and

18   substantiality of portion used" fair use factor. *See, e.g., Religious Technology Center v. Netcom*

19   *On-Line Communication Services, Inc.,* 923 F.Supp.1231, 1250 (N.D. Cal. 1995) ("[i]n balancing

20   the various factors, the court finds that the [large] percentage of plaintiffs' works copied

21   combined with the minimal added criticism or commentary negates a finding of fair use").

22   Defendants do not provide criticism or commentary of the copyrighted work in making

23   unauthorized use of the Headshot Photograph. The argument that the content of the

24   underlying "Meet Harmeet" article may have minimal public interest is not relevant to fair

25   use of the photograph itself, and moreover, there is no *per se* "public interest" exception to

26   copyright protection. *See Harper & Row, supra,* 471 U.S. at 559. Finally, if Defendants

1   continue to use, copy and distribute the Headshot, it could have a deleterious effect on the
2   value of and the market for the license to use the Headshot Photograph. Dhillon Decl., ¶11.
3   Accordingly, Defendants' use of the Headshot Photograph is not fair use and does not
4   subject this action to a motion to dismiss on that ground.

5                    **ii.    Privacy Rights Do Not Preclude Expedited Discovery**

6          Ms. Dhillon is also entitled to discovery in light of defendants' minimal expectation
7   of privacy in distributing copyrighted photographs, including the Headshot Photograph,
8   without permission. *See Sony Music Entertainment Inc., supra,* 326 F.Supp.2d 556. Moreover,
9   Google's "Transparency Report – User Data Requests," which is publicly available on its
10  website    at    http://www.google.com/transparencyreport/userdatarequests/legalprocess/,
11  puts users on notice that "a valid subpoena for your Gmail address could compel us to
12  disclose the name that you listed when creating the account, and the IP addresses from
13  which you created the account and signed in and signed out (with dates and times)," in
14  both civil and criminal cases. Accordingly, Gmail users are well aware of the minimal
15  expectation of privacy in the information linking them to their Gmail addresses. Google's
16  attorneys even argue this in Court. Finally, Mr. Schroeder lacks standing to assert the
17  privacy rights of third parties whose identities  Ms. Dhillon seeks to learn through her
18  requested subpoena to Mr. Schroeder.

19         In sum, defendants' purported First Amendment rights must yield to plaintiffs'
20  right to use the judicial process to pursue a meritorious copyright infringement claim.

21              **E.   The Exemplary Subpoena Is Likely To Lead to Identifying Information**
22                    **That Will Permit Service of Process**

23         Ms. Dhillon requests that the Court issue an order allowing her to immediately
24  serve (i.e., before a Rule 26(f) conference) a subpoena on both Google, Inc. and on Michael
25  John Schroeder, in substantially the same form as the examples attached hereto as Exhibit 1
26  and Exhibit 2. The information sought by the subpoenas will be sufficient to enable Ms.

Dhillon to identify the Doe Defendants and facilitate service of process, and will allow her to pursue this action for copyright infringement. Judges of this District have issued similar orders in similar cases. *See, e.g.,* Judge Joseph C. Spero, Case No. CV10-05885-JCS; Magistrate Judge Maria-Elena James, Case No. C10-04471-MEJ; Magistrate Judge Laurel Beeler, Case No. C10-04468-LB.

## IV.     THERE IS NO NEED TO TENDER WITNESS AND MILEAGE FEES

The subpoenas to be issued will be only for production of documents and records. No appearance at a deposition will be required. Rule 45(b)(1) provides that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, *if the person's attendance is commanded*, by tendering to that person the fees for one day's attendance and the mileage allowed by law." Fed.R.Civ.Proc. 45(b)(1) (emphasis added). Rule 45(c)(2)(A) provides that "[a] person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, *need not appear at the place of production or inspection unless also commanded to appear for a deposition*, hearing, or trial." Fed.R.Civ.Proc. 45(c)(2)(A) (emphasis added).

To avoid confusion in the event that either Google, Inc. or Michael Schroeder insist upon advance payment of witness and mileage fees, Ms. Dhillon requests that the Court's order specify that witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of Civil Procedure do not apply. The Proposed Order includes provisions in this regard.

Plaintiff's Administrative Motion for Leave
To Take Discovery Prior to Rule 26(f) Conference
DHILLON & SMITH LLP
-11-

1

2                                    **V.      CONCLUSION**

3          In light of the foregoing, Ms. Dhillon respectfully requests that her Administrative

4   Motion be granted, and that the Court enter an order substantially in the form of the

5   Proposed Order filed concurrently herewith.

6

7   Date: August 22, 2013                          DHILLON & SMITH LLP

8

9                                    By:
                                          _____/s/ Krista L. Shoquist_____
10                                       HAROLD P. SMITH
                                         KRISTA L. DHILLON
11                                       PRIYA BRANDES
12                                       Attorneys for Plaintiff
                                         Harmeet K. Dhillon
13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# Exhibit 1

To Plaintiff's Administrative Motion for Leave to Take Limited Discovery Prior to a
Rule 26(f) Conference

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of California

| | |
|---|---|
| Harmeet K. Dhillon <br> _____ <br> *Plaintiff* <br> v. <br> DOE 1, an unknown individual, et a. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.   13-cv-01465-JCS

(If the action is pending in another district, state where:
Northern District of California          )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Google, Inc., c/o CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Ste 150N, Sacramento, CA 95833

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Documents sufficient to identify the account information for the email address "mungerwatch@gmail.com," including the name, address and telephone number of the owner of this email address and the IP address(es) from which the user created the account and signed in and signed out, with dates and times. You are to comply with this subpoena pursuant to the terms set forth in the Order attached hereto as Attachment B.

| Place: [within the Eastern District of California] | Date and Time: |
|---|---|
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

|  | |
|---|---|
| CLERK OF COURT | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Plaintiff Harmeet K. Dhillon
_____ , who issues or requests this subpoena, are:

Harold P. Smith, Krista L. Shoquist, Dhillon & Smith LLP, 177 Post Street, Suite 700, San Francisco, CA 94108, email: kshoquist@dhillonsmith.com; Tel: 415-433-1700.

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   13-cv-01465-JCS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

□  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# Exhibit 2

To Plaintiff's Administrative Motion for Leave to Take Limited Discovery Prior to a
Rule 26(f) Conference

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Harmeet K. Dhillon | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   13-cv-01465-JCS |
| DOE 1, an unknown individual, et a. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Northern District of California         ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Michael John Schroeder, Michael J. Schroeder, P.C., 1100 W Town and Country Rd, Ste 1400, Orange, CA
       92868, phone: 714-647-6488, mikejschroe@aol.com

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material: Documents sufficient to identify any individual(s) responsible for posting the "Meet Harmeet" blog at
       www.mungergames.net on 2/12/2013, including the name, address, phone number and email address of any
       such individual, and any communication between you and any such individual concerning the "Meet Harmeet"
       post, from 2/12/2013 to present. You are ordered to comply with this subpoena pursuant to the terms set forth *in the Order attached hereto as Attachment B*

| Place: [within the Central District of California] | Date and Time: |
|---|---|
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:  _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Plaintiff Harmeet K. Dhillon
_____ , who issues or requests this subpoena, are:

Harold P. Smith, Krista L. Shoquist, Dhillon & Smith LLP, 177 Post Street, Suite 700, San Francisco, CA 94108, email:
kshoquist@dhillonsmith.com; Tel: 415-433-1700.

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   13-cv-01465-JCS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  (2) *Command to Produce Materials or Permit Inspection.*

  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;

  (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  (iv) subjects a person to undue burden.

  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information;

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  (2) *Claiming Privilege or Protection.*

  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  (i) expressly make the claim; and

  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).