IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMEET DHILLON,<br><br>             Plaintiff,<br><br>    v.<br><br>DOES 1 -10,<br><br>             Defendants.<br>                                                              / | No. C 13-1465 SI<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S ADMINISTRATIVE MOTIONS FOR LEAVE TO CONDUCT LIMITED THIRD PARTY DISCOVERY; AND CONTINUING CASE MANAGEMENT CONFERENCE TO JANUARY 24, 2014** |

Plaintiff Harmeet Dhillon filed administrative motions for leave to take limited discovery prior to a Rule 26(f) conference. Docket Nos. 20 and 24. Plaintiff seeks to identify Doe defendants named in the complaint who are allegedly responsible for copyright infringement for posting a copyrighted photograph of plaintiff on the website www.mungergames.net. Plaintiff requests leave to serve Rule 45 subpoenas on two third-party sources, Google, Inc. ("Google") and Michael John Schroeder ("Schroeder"). For the reasons set forth in this order, the Court GRANTS plaintiff leave to serve subpoenas on Google and DENIES plaintiff's request to serve subpoenas on Schroeder.

**I.    Google email addresses**

Plaintiff seeks leave to serve a subpoena on Google in order to obtain the account information for two email addresses: mungerwatch@gmail.com and themungergames@gmail.com. Plaintiff alleges that these email addresses send updates and information about the Munger Games blog to a list of undisclosed recipients. These email blasts include links that direct recipients back to the Munger Games

1 website. Dhillon Decl., ¶ 10; Park Decl., ¶ 15. Plaintiff seeks the account information for these email
2 addresses, including the name, address and phone number of the account owner(s), as well as the IP
3 address(es) from which the users created these accounts and signed in and out, with dates and times.
4 Plaintiff believes that this information will enable her to identify the Doe defendant(s) who posted the
5 copyrighted material on the website and facilitate service of process in this action.

6 Rule 26(d) provides, in part, that "[a] party may not seek discovery from any source before the
7 parties have conferred as required by Rule 26(f), except [...] when authorized by these rules, by
8 stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Expedited discovery is appropriate under Rule
9 26(d) when good cause for the discovery, in consideration of the administration of justice, outweighs
10 the prejudice to the responding party. *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273,
11 276 (N.D. Cal. 2002); *UMG Recordings, Inc. v. Does 1–4*, 2006 WL 1343597, at *1 (N.D. Cal. Apr.19,
12 2006). "Courts have recognized that good cause is frequently found in cases involving claims of
13 infringement and unfair competition." *Id.*; *Semitool, Inc.*; *Pod-Ners, LLC v. N. Feed & Bean of Lucerne*
14 *Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002).

15 Plaintiff argues that she meets the four factors to show good cause laid out in *Columbia Ins. Co.*
16 *v. Seescandy.com*. 185 F.R.D. 573, 587-80 (N.D. Cal. 1999). These factors include identifying with
17 sufficient specificity defendant(s) as individuals who can be sued in federal court, recounting all steps
18 taken to locate and identify defendant(s), showing the action could survive a motion to dismiss, and
19 justifying the specific discovery request as reasonably likely to lead to identifying information that will
20 permit service of process. *Id.*

21 The Court has reviewed plaintiff's papers and supporting documents and finds that plaintiff has
22 established good cause to take early discovery. Accordingly, the Court orders as follows:

23 1. IT IS HEREBY ORDERED that plaintiff is allowed to serve immediate discovery on Google,
24 Inc. ("Google") in order to obtain the identity of the Doe defendants listed in plaintiff's complaint by
25 serving a Rule 45 subpoena on Google that seeks documents sufficient to identify the account
26 information for the email addresses themungergames@gmail.com and mungerwatch@gmail.com,
27 including the name, address and telephone number of the owner(s) of these email addresses and the IP
28

address(es) from which the user(s) created the account and signed in and signed out, with dates and times.

    2. IT IS FUTHER ORDERED that plaintiff's counsel shall issue a subpoena in substantially the same form as the example attached as Exhibit 1 to Plaintiff's Administrative Motion for Leave to Take Limited Discovery on Google, Inc. Prior to a Rule 26 Conference, with the subpoena including a copy of this Order.

    3. IT IS FURTHER ORDERED that Google will have 30 days from the date of service upon it to serve each entity or person whose information is sought with a copy of the subpoena and a copy of this Order. Google may serve the entities and persons using any reasonable means, including written notice sent to the entity's or person's last known address, transmitted either by first-class mail or overnight service.

    4. IT IS FURTHER ORDERED that each such entity and person and Google will have 30 days from the date of service upon him, her, or it to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without the entity contesting the subpoena, Google shall have 10 days to produce to plaintiff the information responsive to the subpoena with respect to that entity.

    5. IT IS FURTHER ORDERED that, because no appearance by a person at a deposition is required by the subpoena, instead only production of documents, records and the like is required, the witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of Civil Procedure do not apply and no such fees need be tendered.

    6. IT IS FURTHER ORDERED that Google shall not assess any charge to the plaintiff in advance of providing the information requested in the subpoena, and that if Google elects to charge for the costs of production, Google shall provide to plaintiff a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by Google.

    7. IT IS FURTHER ORDERED that Google shall preserve all subpoenaed information pending its delivering such information to plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

1  8. IT IS FURTHER ORDERED that any information disclosed to plaintiff in response to a
2 subpoena may be used by plaintiff solely for the purpose of protecting its rights under the Copyright
3 Act, 17 U.S.C. § 101 et seq.

## II.  Michael John Schroeder

Plaintiff also seeks leave to serve a subpoena on Michael John Schroeder, an individual and website owner, in order to obtain information that he may have about the identities of the Doe defendants responsible for posting content on the Munger Games website. Plaintiff alleges that Schroeder owns a website that is directly connected with the Munger Games website and that Schroeder possesses information that will enable plaintiff to identify individuals responsible for posting the infringing material on that website. Park Decl., ¶¶ 2-17. The exhibits attached to plaintiff's motion show that Schroeder would be served with the subpoena at 1100 W. Town and Country Rd., Ste. 1400, Orange, CA 92868, and the subpoena directs Schroeder to produce documents to plaintiff's counsel at 177 Post St., Suite 700, San Francisco, CA 94108.

Rule 45 directs that "a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2). Rule 45 also imposes territorial limits upon the area in which a subpoena may be served, directing *inter alia*, that "a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena . . . ." Fed. R. Civ. P. 45(b)(2). Here, the subpoena would be served outside the Northern District of California and would direct Schroeder to produce documents in San Francisco, which is more than 100 miles from the address at which the subpoena would be served. "[N]onparties cannot be required to produce documents at a location more than 100 miles from their home or business." *Nieman v. LinkedIn Corp.*, No. CV 12–80258 PSG, 2013 WL 685203, at *2 (N.D. Cal. Feb. 25, 2013); *Miller v. Holzmann*, 471 F. Supp. 2d 119, 121 (D.D.C. 2007) ("[T]he limitation in Rule 45 unequivocally applies both to attending a deposition to testify and to being required to produce documents at a distance more than 100 miles from one's home."); *see also* Wright & Miller: Federal

Practice & Procedure § 2454, Service of a Subpoena (2013); Hon. William W. Schwarzer, Hon. A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 11:2250 (2013).

Accordingly, the Court DENIES plaintiff's request to take limited early discovery on Schroeder. Plaintiff should seek a subpoena from the Central District of California that directs production of documents in Orange County. *See id*. at §§ 11:2262-11:2270.

**The Initial Case Management Conference, currently scheduled for November 6, 2013, is continued to January 24, 2014 at 2:30 p.m.**

This order resolves Docket Nos. 20 and 24.

**IT IS SO ORDERED.**

Dated: September 25, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE