Marc A. Karlin, Esq. (SBN 137558)
karlinlaw@msn.com
KARLIN & KARLIN
3701 Wilshire Blvd., Ste. 1035
Los Angeles, California 90010-2804
Tel: (213) 365-1555
Fax: (213) 383-1166

Attorneys for Defendant Doe 1
And Third-Party Michael J. Schroeder

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMEET K. DHILLON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DOE 1, an unknown individual, and DOES 2 through 10,<br><br>Defendants. | Case No. 13-cv-01465 SI<br><br>DECLARATION OF RICK A. CIGEL<br><br>[FILED CONCURRENTLY WITH MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT DOE 1 AND THIRD-PARTY MICHAEL J. SCHROEDER IN OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTIONS FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE] |

**DECLARATION OF RICK A. CIGEL**

I, Rick A. Cigel, declare and state as follows:

1. I am an attorney at law duly licensed to practice before all the courts in the State of California. I have personal knowledge of the matters set forth below, and if called upon to do so, I could and would testify competently thereto.

2. I am the principal at The Cigel Law Group, P.C., counsel for Defendant Doe 1 and Michael J. Schroeder. Doe 1 is an unnamed and unserved defendant and files this motion under his or her fictitious name in order to preserve anonymity. No reference to Doe 1 in this declaration or in the opposition brief is meant to convey any information about the gender or Doe 1 or the number of individuals involved.

3. Mr. Schroeder is a resident of Orange County, California and is an attorney duly licensed to practice law in California.

4. Attached hereto as Exhibit "A" is a true and correct copy of the inaugural article written about Charles Munger, Jr. on the website "The Munger Games", which is located on the internet at www.mungergames.net. The article explains the purpose of the website as follows:

> "Welcome to The Munger Games, the purpose of which is to inform, educat[e] and entertain on the subject of the one-man maelstrom of money intent on re-making California Republicanism in his bow-tied image.
>
> Munger burst into California Republican politics a few short years ago, and has left a trail of political debris in his wake:
>
> -Prop. 14, which created the top-two primary system that pits Republicans against Republicans in the general election.
>
> -Prop. 20, which gave us the Citizens Redistricting Commission that was expertly gamed by the Democrats to the detriment of Republicans.
>
> -A divisive effort to reduce the CRP platform to mush.
>
> -Enormous expenditures to defeat the already dwindling number of GOP Assembly incumbents.

That's just the top-line scan of the damage Munger has and will inflict. There are weirder tales still to tell.

Who is Charles Munger, Jr.? What makes him tick? What has he done? What will he do?"

5. The Munger Games is a wholly noncommercial blog that posts articles and commentary about California politics. Its articles and commentary are not only viewed directly by internet viewers, but are either reposted or commented on by multiple other websites that deal exclusively with politics and current events that affect California.

6. The Munger Games website has a graphic above every article that will not print through a normal computer print command. The graphic says "THE MUNGER GAMES" in large and bold type, and has the motto "WASTING HIS PATRIMONY" in quotation marks immediately below. To the left of the text is an image of a bow tie made out of a hundred dollar bill, which is a satirical reference to the fact that Munger frequently wears bow ties. In order to show the graphic, we printed a "screen shot" of the website and attach it hereto as Exhibit "B".

7. The website www.votesmart.org contains reports on politician's campaign finances. On September 20, 2013, I conducted a search of campaign finances for plaintiff Harmeet K. Dhillon ("Dhillon"). Attached hereto as Exhibit "C" is a true and correct copy of the results of that search. As shown on the second page, her top contributor was Charles Thomas Munger, Jr., who donated $7,500.00.

8. Attached hereto as Exhibit "D" is a true and correct copy of the February 12, 2013 blog post from The Munger Games, containing the article entitled "Meet Harmeet". On the website, the article has the same logo shown in Exhibit "B". The original posting of the article contained the headshot photograph of Dhillon directly below the headline "Meet Harmeet". The photograph has been removed. In place of the photograph, the article now has the words "Harmeet Dhillon" and "*Harmeet Dhillon*".

9. In the "Meet Harmeet" article, the anonymous author addresses in detail the social and political positions that Dhillon supported through her ACLU membership. The article goes on

to observe that Munger was supporting Dhillon as "a leader and spokesperson for the California Republican Party" and stressed that Dhillon's liberal values were not consistent with the values of the Republican Party. As the author wrote:

> "These are the values to which Harmeet Dhillon pledged her commitment in 2002. And this is the individual Charles Munger, Jr. wants to elect as a leader and spokesperson for the California Republican Party.
>
> The question California Republican activists, leaders and elected officials need to ask themselves is whether these are the values of Republican Party? How much will we compromise ourselves by following the prescriptions of Dr. Munger in the vain hope of 'broadening our appeal?'"

10. Attached hereto as Exhibit "E" is a true and correct copy of the subpoena dated April 11, 2013, issued from the Northern District of California and served on New Dream Network, LLC.

11. Attached hereto as Exhibit "F" is a true and correct copy of the "Order Denying Administrative Motion For Order Compelling Compliance With Subpoena", issued by the Northern District of California on July 21, 2013 as Doc. 19.

12. In response to the court's order denying the administrative motion, Dhillon had a subpoena issued on July 22, 2013 in the Central District of California to New Dream Network, LLC, the webhost of The Munger Games. The subpoena attached the Amended Order Granting Plaintiff's *Ex Parte* Application for Leave to Take Limited Discovery Prior To A Rule 26(f) Conference from the Northern District of California dated April 9, 2013 (Doc. 8). A true and correct copy of the subpoena is attached hereto as Exhibit "G".

13. Attached hereto as Exhibit "H" is a true and correct copy of a motion I filed in the Central District of California to quash the subpoena directed to New Dream Network, LLC. The motion is set for hearing on October 22, 2013.

14. Attached hereto as Exhibit "I" is a true and correct copy of an article from the Pew Research Center for the People & the Press. The title of the article is "Internet Gains on Television as Public's Main News Source."

15. Attached hereto as Exhibit "J" is a true and correct copy of an article that posted on the Flash Report website (www.flashreport.org) on September 29, 2013. The title of the article is "Whether Critical of King George, or Charles Munger, Jr., Anonymous Speech should Be Protected."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 30, 2013 at Los Angeles, California.

Rick A. Cigel

# EXHIBIT A

# Welcome To The Munger Games!

*Charles Munger, Jr.*

How much damage can one man do to a political party?

In the case of Charles Munger, Jr. and the California Republican Party, the answer is: a lot.

Welcome to The Munger Games, the purpose of which is to inform, education and entertain on the subject of the one-man maelstrom of money intent on re-making California Republicanism in his bow-tied image.

Munger burst into California Republican politics a few short years ago, and the has left a trail of political debris in his wake:

- Prop. 14, which created the top-two primary system that pits Republicans against Republicans in the general election.
- Prop. 20, which gave us the Citizens Redistricting Commission that was expertly gamed by the Democrats to the detriment of Republicans.
- A divisive effort to reduce the CRP platform to mush.
- Enormous expenditures to defeat the already dwindling number of GOP Assembly incumbents.

That's just the top-line scan of the damage Munger has and will inflict. There are weirder tales still to tell.

Who is Charles Munger, Jr.? What makes him tick? What has he done? What will he do?

**Share this:**

This entry was posted in California Republican Party, Charles Munger, Intra-party mayhem, Redistricting, Top-Two Primary on January 30, 2013 [http://www.mungergames.net/?p=7] .

# EXHIBIT B



# THE MUNGER GAMES

**"WASTING HIS PATRIMONY"**

## Welcome To The Munger Games!

Leave a reply

*Charles Munger, Jr.*

How much damage can one man do to a political party?

In the case of Charles Munger, Jr. and the California Republican Party, the answer is: a lot.

Welcome to The Munger Games, the purpose of which is to inform, education and entertain on the subject of the one-man maelstrom of money intent on re-making California Republicanism in his bow-tied image.

Munger burst into California Republican politics a few short years ago, and the has left a trail of political debris in his wake:

- Prop. 14, which created the top-two primary system that pits Republicans against Republicans in the general election.
- Prop. 20, which gave us the Citizens Redistricting Commission that was expertly gamed by the Democrats to the detriment of Republicans.
- A divisive effort to reduce the CRP platform to mush.
- Enormous expenditures to defeat the already dwindling number of GOP Assembly incumbents.

That's just the top-line scan of the damage Munger has and will inflict. There are weirder tales still to tell.

**RECENT POSTS**

CRA President John Briscoe Misses The Point While Emulating Left-Wing Tactics
From Our Readers: "Munger Envisions A World Where People Do Not Run As Republicans"
From Our Readers: "This Lawsuit Appears Aimed At Suppressing The Political Speech of the Authors"
Harmeet Dhillon: Use Her Photo, Get Sued. Bring Sword To Movies, She'll Be Your Lawyer
Harmeet's Free-Speech Hypocrisy

**RECENT COMMENTS**

Bob Richmond on CRA President John Briscoe Misses The Point While Emulating Left-Wing Tactics
From Our Readers: "Munger Envisions A World Where People Do Not Run As Republicans" : The Munger Games on Munger's 2013 Contributions to County GOPs Pass the $1 Million Mark
From Our Readers: "This Lawsuit Appears Aimed At Suppressing The Political Speech of the Authors" : The Munger Games on Munger Proxy/Attorney & CRP Vice Chair Harmeet Dhillon Sues the Munger Games

EXHIBIT B Page 1

# EXHIBIT C

# Project Vote Smart (http://votesmart.org/)

Return to search results (/search?q=harmeet dhillon)

## Harmeet K. Dhillon

### Harmeet Dhillon's Campaign Finances

(//votesmart.org/canphoto/104348_lg.jpg)

**Full Name:** Harmeet K. Dhillon

**Gender:** Female

**Birth Date:** 10/06/1968

**Birth Place:** Punjab, India

See Full Biographical and Contact Information (/candidate/biography/104348/harmeet-dhillon)

**Summary**

| | |
|---|---|
| In-State | $31,708.00 |
| Out-Of-State | $11,151.00 |
| Unknown State | $1,067.00 |
| Party Committee | $0.00 |
| Leadership Committee | $0.00 |
| Personal Funds | $4,571.00 |
| Individual Contributions | $33,403.00 |
| Unitemized | $577.00 |
| Public Funding | $0.00 |
| Non-Contribution | $390.00 |
| Institutions and Companies | $4,986.00 |
| Total Contributions | 87 |
| **Total** | **$43,926.00** |

Cycle: 2012

Data provided by FollowTheMoney.org (http://www.followthemoney.org/database/StateGlance

Harmeet Dhillon's Campaign Finances - Project Vote Smart http://votesmart.org/candidate/campaign-finance/104348/harmeet-dhillon

/candidate.phtml?c=147478)

| Top Sectors | | Top Industries | |
|---|---|---|---|
| Uncoded | $22,304.00 | Uncoded | $22,304.00 |
| Government Agencies/Education/Other | $7,500.00 | Education | $7,500.00 |
| Lawyers & Lobbyists | $4,701.00 | Lawyers & Lobbyists | $4,701.00 |
| Candidate Contributions | $4,571.00 | Candidate Self-finance | $4,571.00 |
| Finance, Insurance & Real Estate | $2,500.00 | Insurance | $1,250.00 |
| Ideology/Single Issue | $1,184.00 | Real Estate | $1,250.00 |
| Unitemized Contributions | $577.00 | Conservative Policy Organization | $1,184.00 |
| Non-Contributions | $390.00 | Unitemized Contributions | $577.00 |
| Communications & Electronics | $200.00 | Non-Contribution | $390.00 |
| | | Computer Equipment & Services | $200.00 |

**Top Contributors**

| | |
|---|---|
| MUNGER JR, CHARLES THOMAS | $7,500.00 |
| DHILLON, HARMEET | $4,571.00 |
| DHILLON, PARMINDER | $3,900.00 |
| PETER, LAURA | $2,500.00 |
| SINGH, TEJINDER | $2,000.00 |
| THANGARAJ, PREETHA | $1,250.00 |
| AHLUWALIA, SATWANT | $1,000.00 |
| INVENTUS LAW INC | $1,000.00 |
| MOORE, CHARLES | $1,000.00 |
| DANG, KULMEET SINGH | $1,000.00 |
| LINCOLN CLUB OF NORTHERN CALIFORNIA | $1,000.00 |
| IRON SYSTEMS INC | $1,000.00 |
| SHERGILL LAW FIRM | $501.00 |
| LAW OFFICES OF BHALLA & CHO LLC | $500.00 |
| TOBIASON, JENNIFER | $500.00 |
| SHOQUIST, DEBORA | $500.00 |
| SINGH, MEETPAUL | $500.00 |
| BOWEN, WILLIAM | $500.00 |
| HUGHES, CHRISTINE | $500.00 |
| TEREE, DANIEL | $500.00 |
| SALUJA MEDICAL ASSOC PA | $500.00 |
| TOGNAZZINI, DONN | $500.00 |
| ABDULMASSIH, TONY | $500.00 |

One Common Ground, Philipsburg, MT 59858
Hotline: 888-Vote-Smart (888-868-3762)
All content © 1992 - 2013 Project Vote Smart **unless otherwise attributed (/copyright)** - **Privacy Policy (/about/privacy)** - Legislative demographic data provided by **Aristotle International, Inc. (http://www.aristotle.com/)** **Mobile Version (?flavour=mobile&utm_source=votesmart&utm_medium=mobile-link&utm_campaign=flavourswitch)**

2 of 4 EXHIBIT C Page 2 9/20/2013 10:10 AM

Harmeet Dhillon's Campaign Finances - Proj... Vote Smart http://votesmart.org/can...date/campaign-finance/104348/harmeet-dhillon

| | |
|---|---|
| DHILLON, HARPAL | $500.00 |
| BHASIN, MANMEET | $300.00 |
| GHARAKHANIAN, ANDRE | $300.00 |
| BHALLA, AMARDEEP | $250.00 |
| ROSSETTI, LISA | $250.00 |
| BHATT, MANOJ | $250.00 |
| GAUBA, POOJA | $250.00 |
| BUHLER, LUIS PALTENGHE | $250.00 |
| MUNOZ, CALISE | $250.00 |
| BALI, TANUJA | $250.00 |
| SANDHU, SAWTANTER | $250.00 |
| ADVANI, MUKESH | $250.00 |
| SINGH, HARJINDER | $250.00 |
| BAJWA, PRABHJOT | $250.00 |
| DHILLON, SADEV | $250.00 |
| SHARMA, DEVENDRA | $250.00 |
| CABERWAL, DALJIT S | $250.00 |
| MUNDY, DARSHAN S | $250.00 |
| SAWHNEY, GURJIT | $200.00 |
| REKHI, KANWAL | $200.00 |
| GOEL, RASMI | $200.00 |
| WHALEY, SHANE | $200.00 |
| GAGNON, CHARLES | $200.00 |
| BHASIN, BALJEET | $200.00 |
| CALIFORNIA TRAILBLAZERS | $184.00 |
| BEDI, SUNDEEP | $150.00 |
| DHARA, RITA | $150.00 |
| DHILLON, MANPREET | $150.00 |
| STORELLA, JOHN | $150.00 |
| AASRA SOLUTIONS & TECHNOLOGIES | $101.00 |
| MALHI, MEETA | $101.00 |
| MEGHANI, MIHIR | $101.00 |
| GURCHARAN, KANWAL | $101.00 |
| DHILLON, RENNU | $100.00 |
| MALLEY, GREGORY | $100.00 |
| WALHA, GURMUKH | $100.00 |
| GULERIA, SHER SINGH | $100.00 |
| MOYER, THOMAS | $100.00 |

3 of 4

EXHIBIT C Page 3

9/20/2013 10:10 AM

Harmeet Dhillon's Campaign Finances - Proj... Vote Smart http://votesmart.org/candidate/campaign-finance/104348/harmeet-dhillon

| | |
|---|---|
| WILDER, DEBORAH | $100.00 |
| KAUR, RAJVINDER | $100.00 |
| PATEL, USH | $100.00 |
| STEVES APPLIANCE REPAIR | $100.00 |
| KRVARIC, TONY | $100.00 |
| FOWLER, PETER | $100.00 |
| VUKSICH, ALEXANDRA | $100.00 |
| JUDGE, VERINDER | $100.00 |
| BEDI, HARMOHAN | $100.00 |
| KIACHKO, DAVID | $100.00 |
| POOLE, EDWARD G | $100.00 |
| BHUTANI, KAWALJIT | $100.00 |
| WAVERLY HEMATOLOGY ONCOLOGY | $100.00 |
| SINGH, DARSHAN | $100.00 |
| ANTHOOR, SWAPNA | $100.00 |
| CHADHA, HARPREET | $100.00 |
| MASKAR, ALOKA | $100.00 |
| SINGH, NAGINDER | $100.00 |
| BEDHI, HARMOHAN | $100.00 |
| KHOSA, GURJANT | $100.00 |

4 of 4 EXHIBIT C Page 4 9/20/2013 10:10 AM

# EXHIBIT D

# Meet Harmeet

Harmeet Dhillon

*Harmeet Dhillon*

We have asked the question, "Who is Charles Munger, Jr.?"

Although we haven't finished answering it, we also need to ask ourselves, "What does he want?"

To begin with, he wants to control and re-shape the California Republican Party, and the way he is going about it right now is by supporting Harmeet Dhillon for CRP Vice Chairman. Dhillon is the chair of the San Francisco Republican Party.

It will take more than one blog post to paint a complete picture of Harmeet Dhillon, but we can start with her deep, active involvement with the American Civil Liberties Union.

Yes, that ACLU.

In late 2002, Dhillon was running for the Board of Directors of the ACLU of Northern California. Here is her candidate statement, as it appeared in the November-December 2002 edition of *"ACLU News"*:

*"I am deeply honored to have been nominated as a candidate for the Board of Directors. I am an attorney in Palo Alto, where I practice complex commercial litigation. Both my career as a lawyer and my former career as a journalist have impressed upon me the crucial importance of the First Amendment to our democracy. Throughout my legal career I have performed pro bono legal services for victims of human rights and civil rights violations, domestic abuse and employment Discrimination, and have been recognized for my work on behalf of the Lawyers' Committee for Human Rights and the Network for Women's Services. I am committed to the values championed by the ACLU-NC."*

The same newsletter gives some alarming examples of the ACLU values to which Dhillon vows she is committed. The italicized sections are taken directly from the ACU newsletter.

**Removing "Under God" from the Pledge of Allegiance**

*In striking down the McCarthy-era law that rewrote the Pledge of Allegiance to insert the words "under God," Newdow v. United States Congress, the Ninth Circuit breathed life into the Pledge's stirring ideal of a country "with liberty and justice for all." The decision secured liberty for children of*

*minority faiths who have quietly been denied religious freedom for nearly 50 years, when pressured in public school to pledge allegiance to a God they do not worship.*

**Opposition to Anti-Pornography Filters on Public Library Computers**

*"As the Children's Internet Protection Act (CIPA) went into effect this September, activists and students around the nation criticized the new law as "closing the door to knowledge." CIPA requires public schools and libraries to block Internet access to materials deemed "harmful to minors" in order to receive certain federal funds.*

*"A fundamental goal of the Internet is to open the door to knowledge, but internet blocking software slams this door," ACLU-NC staff attorney Ann Brick told reporters.*

**Support of Drivers Licenses For Illegal Immigrants…Without Criminal Background Checks)**

*In an election year, Gov. Davis needs the support of immigrant communities. Nevertheless, the Governor vetoed AB 60 (Cedillo-D), a crucial bill that would have allowed immigrants in the process of applying for legal status to receive a driver's license. A companion bill SB 804 (Polanco-D), which included provisions requiring that applicants give a digital thumbprint, undergo a criminal background check, and submit proof of employment in California, was also returned unsigned.*

*The ACLU and immigrants' rights groups strongly opposed the background check provisions demanded by Gov. Davis and included in SB804, because they are unrelated to a person's ability to drive, do not address public safety concerns, and discriminate against immigrants.*

**Educating School Children on LGBT Issues**

*Focusing on schools, [Matt] Coles [director of the national ACLU Lesbian & Gay Rights and AIDS Project] explained, is important for two reasons: LGBT students are extremely vulnerable, and we can achieve great progress by educating youth about LGBT rights. He explained that school officials know they cannot discriminate openly against lesbian and gay student groups, so they are now setting up bureaucratic obstacles to the recognition of such clubs. The Projects are actively helping courageous students across the country deal with these obstacles.*

**Redefining Family**

*In the past, Coles said, opponents of gay and lesbian equality have used the issue of "family" to attack gay people. More recently, however, public opinion is changing. That change is due in part to the ACLU's public education campaign based on a Florida case in which the Projects are representing two gay foster parents fighting to keep their family of seven intact in spite of efforts by the state to get a heterosexual family to adopt the children. In part because the case involves HIV-positive children and attracted the celebrity support of Rosie O'Donnell, it has dramatically changed Americans' perceptions of lesbian and gay men and their families.*

*The Project's work, like the ACLU's efforts in general, is grounded in the belief that government must follow the rule of law, said Coles. He expressed dismay about how the federal government is flouting the rule of law, whether in its pursuit of the "war on terrorism," military action in Iraq, or the denial of lesbian and gay equality.*

"Under God" in the Pledge of Allegiance oppresses children? Giving drivers licenses to people here illegal without even a background check to exclude criminal aliens? Opposing anti-porn filters in libraries? Injecting LGBT advocacy groups' talking points into public schools?

And believe it or not, there's more. We'll bring that to you tomorrow.

These are the values to which Harmeet Dhillon pledged her commitment in 2002. And this is the individual Charles Munger, Jr. wants to elect as a leader and spokesperson for the California Republican Party.

The question California Republican activists, leaders and elected officials need to ask themselves is whether these are the values of Republican Party? How much will we compromise ourselves by following the prescriptions of Dr. Munger in the vain hope of "broadening our appeal"?

**Share this:**

This entry was posted in California Republican Party, Charles Munger, Harmeet Dhillon, Principles on February 12, 2013 [http://www.mungergames.net/?p=41] .

## 2 thoughts on "Meet Harmeet"

Pingback: Meet Harmeet, Part 2 | The Munger Games

Pingback: Munger Proxy/Attorney Harmeet Dhillon Sues the Munger Games | The Munger Games

# EXHIBIT E

4/11/13 ØBP

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

Harmeet K. Dhillon
*Plaintiff*
v.
DOE 1, an unknown individual, et al.
*Defendant*

Civil Action No. 13-cv-01465-JCS

(If the action is pending in another district, state where: )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: New Dream Network, LLC, dba DreamHost, c/o CT Corporation System (C0168406), 818 West Seventh Street, Los Angeles, CA 90017

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Documents sufficient to identify the account information for the domain name "Mungergames.net," hosted by DreamHost, including the names, addresses, telephone numbers, and e-mail addresses of the owner(s) of the domain name "Mungergames.net." You are to comply with this subpoena pursuant to the terms set forth in the Amended Order attached hereto as Attachment A.

| Place: Dhillon & Smith LLP<br>177 Post Street, Suite 700<br>San Francisco, CA 94108 | Date and Time:<br>06/03/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 04/11/2013

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

[signature]
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiff Harmeet K. Dhillon, who issues or requests this subpoena, are:

Harold P. Smith, Krista L. Shoquist, DHILLON & SMITH LLP, 177 Post Street, Suite 700, San Francisco, CA 94108, email: kshoquist@dhillonsmith.com; Tel: 415-433-1700.

# Attachment A

HAROLD P. SMITH, ESQ. (SBN: 126985)
psmith@dhillonsmith.com
KRISTA L. SHOQUIST, ESQ. (SBN: 264600)
kshoquist@dhillonsmith.com
DHILLON & SMITH LLP
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Plaintiff
Harmeet K. Dhillon

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| HARMEET K. DHILLON, Plaintiff, v. DOE 1, an unknown individual, et al., Defendants. | Case No. 13-01465-JCS<br>AMENDED[1] [PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE |

[1] Plaintiff's *Ex Parte* Application For Leave to Take Limited Discovery Prior to a Rule 26(f) Conference, filed April 2, 2013 (Doc. 2), sought leave to serve a subpoena on "New Dream Network, LLC, on behalf of DreamHost." However, the original [Proposed] Order submitted with that *ex parte* application (Doc. 2-1), and the subsequent Order filed on April 3, 2013 (Doc. 6), contained a typographical error with respect to the name of the subpoenaed entity, listing it as "DreamHost Network, LLC, on behalf of DreamHost." Plaintiff thus respectfully requests that the Court remedy this error by granting this Amended [Proposed] Order, which is identical in substance to the Court's Order of April 3rd, other than with respect to the name of the entity to be subpoenaed.

The Court, having reviewed Plaintiff's *Ex Parte* Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference and the supporting documents submitted therewith, and good cause appearing therefore, hereby grants Plaintiff's *Ex Parte* Application and orders as follows:

1. **IT IS HEREBY ORDERED** that Plaintiff is allowed to serve immediate discovery on New Dream Network, LLC, on behalf of DreamHost, in order to obtain the identity of the Doe Defendants listed in Plaintiff's Complaint by serving a Rule 45 subpoena that seeks information sufficient to identify each such Defendant, including the account information for the domain name "Mungergames.net," hosted by DreamHost, and the name, addresses, telephone numbers, and email addresses of each such Defendant.

2. **IT IS FUTHER ORDERED** that Plaintiff's counsel shall issue subpoena(s) in substantially the same form as the example attached as Exhibit 1 to Plaintiff's *Ex Parte* Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference, with each subpoena including a copy of this Order.

3. **IT IS FURTHER ORDERED** that New Dream Network, LLC, will have 30 days from the date of service upon it to serve each entity or person whose information is sought with a copy of the subpoena and a copy of this Order. New Dream Network, LLC may serve the entities and persons using any reasonable means, including written notice sent to the entity's or person's last known address, transmitted either by first-class mail or overnight service.

4. **IT IS FURTHER ORDERED** that each entity and person and New Dream Network, LLC, will have 30 days from the date of service upon him, her, or it to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without the entity contesting the subpoena,

New Dream Network, LLC, shall have 10 days to produce to Plaintiff the information responsive to the subpoena with respect to that entity.

5. IT IS FURTHER ORDERED that, because no appearance by a person at a deposition is required by the subpoena, instead only production of documents, records and the like is required, the witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of Civil Procedure do not apply and no such fees need be tendered.

6. IT IS FURTHER ORDERED that New Dream Network, LLC, shall not assess any charge to the Plaintiff in advance of providing the information requested in the subpoena, and that if New Dream Network, LLC, elects to charge for the costs of production, it shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by such recipient.

7. IT IS FURTHER ORDERED that New Dream Network, LLC, shall preserve all subpoenaed information pending its delivering such information to Plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

8. IT IS FURTHER ORDERED that any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101 et seq, and may not be disclosed to anyone other than the parties in this action and their counsel of record pending further order of this Court.

IT IS SO ORDERED.

Date: 4/9, 2013

Honorable Judge of the United States District Court, Northern District of California

AO88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 13-cv-01465-JCS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* ____________________
was received by me on *(date)* ____________.

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________

____________________ on *(date)* ____________ ; or

☐ I returned the subpoena unexecuted because: ____________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $ ____________.

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: ____________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc:

EXHIBIT E Page 6

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

***(1) Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

***(2) Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

***(3) Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

***(1) Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

***(2) Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT E Page|7

# EXHIBIT F

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HARMEET DHILLON,

Plaintiff,

v.

DOES 1 -10,

Defendant.
_______________________/

No. C 13-1465 SI

**ORDER DENYING ADMINISTRATIVE MOTION FOR ORDER COMPELLING COMPLIANCE WITH SUBPOENA**

Plaintiff Harmeet Dhillon filed an administration motion for an order compelling compliance with a Rule 45 subpoena. The subpoena was served on April 11, 2013, on a third party, New Dream Network, LLC, dba DreamHost ("New Dream Network"), and seeks the identities of the Doe defendants named in the complaint. The documents attached to plaintiff's motion show that New Dream Network was served with the subpoena at 818 West Seventh Street, 2nd Floor, Los Angeles, CA 90017, and that the subpoena directs New Dream Network to produce documents to plaintiff's counsel at 177 Post St., Suite 700, San Francisco, CA 94108. Plaintiff states that New Dream Network did not object to the subpoena and also did not produce any documents in response to the subpoena by the June 21, 2013 deadline. Plaintiff seeks an order compelling New Dream Network to comply with the subpoena.

Rule 45 directs that "a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2). Rule 45 also imposes territorial limits upon the area in which a subpoena may be served, directing *inter alia*, that "a subpoena may be served at any place within the district of the court by which it is issued, or at any place

without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena . . . ." Fed. R. Civ. P. 45(b)(2). Here, the subpoena was served outside the Northern District of California and it directs New Dream Network to produce documents in San Francisco, which is more than 100 miles of the address at which New Dream Network was served. "[N]onparties cannot be required to produce documents at a location more than 100 miles from their home or business." *Nieman v. LinkedIn Corp.*, No. CV 12–80258 PSG, 2013 WL 685203, at *2 (N.D. Cal. Feb. 25, 2013); *Miller v. Holzmann*, 471 F. Supp. 2d 119, 121 (D.D.C. 2007) ("[T]he limitation in Rule 45 unequivocally applies both to attending a deposition to testify and to being required to produce documents at a distance more than 100 miles from one's home."); *see also* Wright & Miller: Federal Practice & Procedure § 2454, Service of a Subpoena (2013); Hon. William W. Schwarzer, Hon. A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 11:2250 (2013).

Accordingly, the subpoena is invalid and cannot be enforced by this Court. Plaintiff should seek a subpoena from the Central District of California that directs production of documents in Los Angeles. *See id.* at §§ 11:2262-11:2270. Plaintiff's administrative motion is DENIED. Docket No. 16.

**IT IS SO ORDERED.**

Dated: July 21, 2013

Susan Illston

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

# EXHIBIT G

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

Harmeet K. Dhillon
*Plaintiff*
v.
DOE 1, an unknown individual, et al.
*Defendant*

Civil Action No. 13-cv-01465-JCS

(If the action is pending in another district, state where: Northern District of California )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: New Dream Network, LLC, dba DreamHost, c/o CT Corporation System (CO168406), 818 West Seventh Street, Los Angeles, CA 90017

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Documents sufficient to identify the account information for the domain name "Mungergames.net," hosted by DreamHost, including the names, addresses, telephone numbers, and e-mail addresses of the owner(s) of hte domain name "Mungergames.net." You are to comply with this subpoena pursuant to the terms set forth in the Amended Order attached hereto as Attachment A.

| Place: American Messenger Services, Inc.<br>205 South Broadway #925<br>Los Angeles, CA 90012 | Date and Time:<br>10/03/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 07/22/2013

*CLERK OF COURT*

_________________________
*Signature of Clerk or Deputy Clerk*

OR

[signature]
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiff Harmeet K. Dhillon , who issues or requests this subpoena, are:

Harold P. Smith; Krista L. Shoquist, Dhillon & Smith LLP, 177 Post Street, Suite 700, San Francisco, CA 94108; email kshoquist@dhillonsmith.com; Tel: 415-433-1700.

# Attachment A

EXHIBIT G Page 2

HAROLD P. SMITH, ESQ. (SBN: 126985)
psmith@dhillonsmith.com
KRISTA L. SHOQUIST, ESQ. (SBN: 264600)
kshoquist@dhillonsmith.com
DHILLON & SMITH LLP
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Plaintiff
Harmeet K. Dhillon

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**San Francisco Division**

HARMEET K. DHILLON,

Plaintiff,

v.

DOE 1, an unknown individual, et al.,

Defendants.

Case No. 13-01465-JCS

**AMENDED[1] ~~[PROPOSED]~~ ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE**

[1] Plaintiff's *Ex Parte* Application For Leave to Take Limited Discovery Prior to a Rule 26(f) Conference, filed April 2, 2013 (Doc. 2), sought leave to serve a subpoena on "**New Dream** Network, LLC, on behalf of DreamHost." However, the original [Proposed] Order submitted with that *ex parte* application (Doc. 2-1), and the subsequent Order filed on April 3, 2013 (Doc. 6), contained a typographical error with respect to the name of the subpoenaed entity, listing it as "**DreamHost** Network, LLC, on behalf of DreamHost." Plaintiff thus respectfully requests that the Court remedy this error by granting this Amended [Proposed] Order, which is identical in substance to the Court's Order of April 3rd, other than with respect to the name of the entity to be subpoenaed.

The Court, having reviewed Plaintiff's *Ex Parte* Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference and the supporting documents submitted therewith, and good cause appearing therefore, hereby grants Plaintiff's *Ex Parte* Application and orders as follows:

1. **IT IS HEREBY ORDERED** that Plaintiff is allowed to serve immediate discovery on New Dream Network, LLC, on behalf of DreamHost, in order to obtain the identity of the Doe Defendants listed in Plaintiff's Complaint by serving a Rule 45 subpoena that seeks information sufficient to identify each such Defendant, including the account information for the domain name "Mungergames.net," hosted by DreamHost, and the name, addresses, telephone numbers, and email addresses of each such Defendant.

2. **IT IS FUTHER ORDERED** that Plaintiff's counsel shall issue subpoena(s) in substantially the same form as the example attached as Exhibit 1 to Plaintiff's *Ex Parte* Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference, with each subpoena including a copy of this Order.

3. **IT IS FURTHER ORDERED** that New Dream Network, LLC, will have 30 days from the date of service upon it to serve each entity or person whose information is sought with a copy of the subpoena and a copy of this Order. New Dream Network, LLC may serve the entities and persons using any reasonable means, including written notice sent to the entity's or person's last known address, transmitted either by first-class mail or overnight service.

4. **IT IS FURTHER ORDERED** that each entity and person and New Dream Network, LLC, will have 30 days from the date of service upon him, her, or it to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without the entity contesting the subpoena,

New Dream Network, LLC, shall have 10 days to produce to Plaintiff the information responsive to the subpoena with respect to that entity.

5. **IT IS FURTHER ORDERED** that, because no appearance by a person at a deposition is required by the subpoena, instead only production of documents, records and the like is required, the witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of Civil Procedure do not apply and no such fees need be tendered.

6. **IT IS FURTHER ORDERED** that New Dream Network, LLC, shall not assess any charge to the Plaintiff in advance of providing the information requested in the subpoena, and that if New Dream Network, LLC, elects to charge for the costs of production, it shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by such recipient.

7. **IT IS FURTHER ORDERED** that New Dream Network, LLC, shall preserve all subpoenaed information pending its delivering such information to Plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

8. **IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101 et seq, and may not be disclosed to anyone other than the parties in this action and their counsel of record pending further order of this Court.

**IT IS SO ORDERED.**

Date: 4/9, 2013

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

Judge Joseph C. Spero

Honorable Judge of the United States District Court, Northern District of California

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 13-cv-01465-JCS

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

This subpoena for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________
______________________________________________________________________
__________________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________ ______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

EXHIBIT G Page 6

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).