IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMEET DHILLON,<br><br>        Plaintiff,<br><br>   v.<br><br>DOES 1 -10,<br><br>        Defendants.<br>_____/ | No. C 13-1465 SI<br><br>**ORDER VACATING IN PART SEPTEMBER 25, 2013 ORDER AND SETTING BRIEFING SCHEDULE** |

In an order filed September 25, 2013, the Court denied plaintiff's then-unoppposed administrative motion seeking to take limited discovery on third party Michael Schroeder, and granted plaintiff's administrative motions seeking leave to serve a subpoena on third party Google. Since the filing of that order, plaintiff has filed a letter seeking reconsideration of the denial of the motion with respect to Mr. Schroeder, and Mr. Schroeder and defendant "Doe 1" have filed a combined opposition to the administrative motions. The combined opposition states that Mr. Schroeder and Doe 1 were not served with the administrative motions, and it appears from their filing that they are unaware of the September 25, 2013 order.

In order for the Court to consider Doe 1's arguments and for plaintiff to have the opportunity to respond, the Court hereby VACATES the portion of the September 25, 2013 order permitting the issuance of a subpoena on Google. If the subpoena has already issued to Google, plaintiff is ordered to immediately contact Google and rescind the subpoena, and to serve a copy of this order on Google.

The Court hereby AMENDS the September 25, 2013 order to set a briefing schedule on plaintiff's administrative motion regarding the proposed subpoena to Google. Plaintiff shall file a reply brief no later than **October 18, 2013**, and the Court will hold a hearing on the motion on **November 7, 2013** at **10:00 a.m.**[1]

With respect to Mr. Schroeder, the Court's September 25, 2013 order denied plaintiff's motion because the proposed subpoena did not comply with Rule 45. Plaintiff proposed to serve a subpoena on Schroeder at 1100 W. Town and Country Rd., Ste. 1400, Orange, CA 92868, and the subpoena directed Schroeder to produce documents to plaintiff's counsel at 177 Post St., Suite 700, San Francisco, CA 94108. Rule 45 directs that "a subpoena for production or inspection *shall issue from the court for the district in which the production or inspection is to be made*." Fed. R. Civ. P. 45(a)(2) (emphasis added). Rule 45 also imposes territorial limits upon the area in which a subpoena may be served, directing *inter alia*, that "a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena . . . ." Fed. R. Civ. P. 45(b)(2).

The Court denied plaintiff's motion with respect to Mr. Schroeder because the subpoena would be served outside the Northern District of California and would direct Schroeder to produce documents in San Francisco, which is more than 100 miles from the address at which the subpoena would be served. "[N]onparties cannot be required to produce documents at a location more than 100 miles from their home or business." *Nieman v. LinkedIn Corp.*, No. CV 12–80258 PSG, 2013 WL 685203, at *2 (N.D. Cal. Feb. 25, 2013); *Miller v. Holzmann*, 471 F. Supp. 2d 119, 121 (D.D.C. 2007) ("[T]he limitation in Rule 45 unequivocally applies both to attending a deposition to testify and to being required to produce documents at a distance more than 100 miles from one's home."); *see also* Wright & Miller: Federal Practice & Procedure § 2454, Service of a Subpoena (2013); Hon. William W. Schwarzer, Hon. A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 11:2250 (2013). The Court reiterates to plaintiff that if plaintiff wishes to serve a subpoena on Mr.

---

[1] If counsel for Doe 1 wishes to appear by telephone, counsel may do so after requesting and receiving permission from the Court.

2

Schroeder, plaintiff should seek a subpoena directly from the Central District of California that directs production of documents in Orange County. *See id*. at §§ 11:2262-11:2270.[2]

**IT IS SO ORDERED.**

Dated: October 2, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff provides no authority for the proposition that the Northern District of California can issue a subpoena from the Central District of California (or any other district). It has since come to the Court's attention that the proposed subpoena for Google was to be issued by the Eastern District of California; the Court had mistakenly believed that plaintiff sought a subpoena from the Northern District of California for Google. In any event, the Court has vacated the portion of the September 25, 2013 order regarding the Google subpoena, and the parties can address the propriety of the Google subpoena in further briefing.

3