Rick A. Cigel, Esq. (SBN 105424)
THE CIGEL LAW GROUP, P.C.
10866 Wilshire Blvd., Suite 400
Los Angeles, California 90024
Tel:  (424) 901-8513
Fax:  (424) 901-8514
Rick.Cigel@cigellawgroup.com

Attorneys for Defendant Doe 1
And Third-Party Michael J. Schroeder

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| HARMEET K. DHILLON, an individual,<br><br>             Plaintiff,<br><br>      vs.<br><br>DOE 1, an unknown individual, and DOES 2 through 10,<br><br>             Defendants. | Case No. 13-cv-01465 SI<br><br>CONDITIONAL OPPOSITION OF DEFENDANT DOE 1 AND THIRD-PARTY MICHAEL J. SCHROEDER TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO EXCEED PAGE LIMIT<br><br>The Honorable Susan Illston |

1

CONDITIONAL OPPOSITION OF DOE 1 AND MICHAEL J. SCHROEDER TO PLAINTIFF'S ADMINISTRATIVE MOTIONS FOR LEAVE TO EXCEED PAGE LIMIT, Case No. 13-cv-01465 SI

Defendant Doe 1 and Third-Party Michael J. Schroeder hereby conditionally oppose Plaintiff's Administrative Motion for Leave to Exceed Page Limit for Reply to Opposition to Plaintiff's Administrative Motion for Leave to Take Limited Discovery Prior to a Rule 26(f) Conference (Doc. 36, the "Motion").

Plaintiff styles this latest Administrative Motion as "unopposed" pursuant to a stipulation by counsel, which is attached to the Motion (Doc. 36-1, the "Stipulation"). The stipulation provides that Doe1 and Mr. Schroeder may file a ten-page Sur-Reply brief. If this Court enters the stipulation as an order, and permits the Sur-Reply brief, then Plaintiff is correct that the motion is unopposed. However, if the Court does not permit the Sur-Reply brief, then Doe 1 and Mr. Schroeder adamantly oppose the Motion's request to allow a 25-page Reply brief.

MEMORANDUM OF POINTS AND AUTHORITIES

I.   INTRODUCTION

Plaintiff repeatedly seeks to uncover the Constitutionally-protected identity of an anonymous political blogger. By improperly styling her attempts to force disclosure of Doe 1's identity as "Administrative Motions", Plaintiff apparently hoped to invade important First Amendment rights without anyone noticing. As soon as Doe 1 and Mr. Schroeder became aware of Plaintiff's tactics, they filed a fully-briefed Opposition and informed the Court of the Constitutional ramifications of these supposedly "routine" Administrative Motions.

Now that Plaintiff is faced with substantive Opposition, she wants to file the full brief that she strategically chose not to file on three prior occasions. In a spirit of cooperation, counsel for Doe 1 and Mr. Schroeder are willing to allow Plaintiff's request for an extra ten pages in her Reply brief, <u>but only on the condition that Doe 1 and Mr. Schroeder also be given an additional ten pages for a Sur-Reply brief.</u>

If this Court is not willing to allow Doe 1 and Mr. Schroeder to file the ten-page Sur-Reply brief, then their stipulation regarding the over length reply brief is null and void, as it was entered into <u>only</u> on that condition. In that event, Doe 1 and Mr. Schroeder adamantly oppose granting an

CONDITIONAL OPPOSITION OF DOE 1 AND MICHAEL J. SCHROEDER TO PLAINTIFF'S ADMINISTRATIVE MOTIONS FOR LEAVE TO EXCEED PAGE LIMIT, Case No. 13-cv-01465 SI

additional ten pages of briefing to Plaintiff, as Plaintiff specifically chose not to fully brief the complex Constitutional issues when she had the chance.  It would be highly unfair to Doe 1 and Mr. Schroeder for Plaintiff to hold off on her core analysis and briefing until the reply brief.  It should have been provided in the Administrative Motions so that Doe 1 and Mr. Schroeder were able to respond fully and timely.

II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff first sought to infringe Doe 1's Constitutional rights on the same day she filed her Complaint. On April 2, 2013, Plaintiff filed an *ex parte* application for leave to serve a subpoena on New Dream Network, the web host for the political blog www.mungergames.net.  Plaintiff filed a 12-page brief in support of the *ex parte* application, which briefly discussed First Amendment considerations and federal copyright law. (Doc. 2)  Thus, Plaintiff knew at the outset that her efforts to unmask a political blogger's identify was not just a routine matter.

After this Court denied Plaintiff's Administrative Motion to enforce the subpoena (Doc. 16),[1] Plaintiff decided to try the same thing with different entities.  On August 22, 2013 Plaintiff filed an Administrative Motion seeking leave to serve a subpoena on Google, Inc. and Mr. Schroeder. (Doc. 20)   Because Plaintiff again served no notice on anyone, this Court's docket entry labels it an *ex parte* application.  Although the local rules for motions allow for the filing of a 25-page opening brief, Plaintiff strategically chose to file the same 12-page brief that made short work of complicated Constitutional ramifications and federal copyright statutes.

On August 26, 2013, Plaintiff filed an amended version of the Administrative Motion, which this Court again docketed as an *ex parte* application for complete lack of notice. (Doc. 24)  Plaintiff filed essentially the same 12-page brief.  The process by which Doe 1 and Mr. Schroeder became aware of the Administrative Motions and proposed subpoenas is detailed in their Opposition to the

---

[1] Although Plaintiff styled Doc. 16 as an "Administrative Motion", this Court's docket entry correctly refers to it as an *ex parte* application, as Plaintiff provided no notice to anyone.

3

CONDITIONAL OPPOSITION OF DOE 1 AND MICHAEL J. SCHROEDER TO PLAINTIFF'S ADMINISTRATIVE
MOTIONS FOR LEAVE TO EXCEED PAGE LIMIT, Case No. 13-cv-01465 SI

Administrative Motions (Doc. 30) and need not be repeated here for the limited purpose of addressing Plaintiff's request for additional pages.

For purposes of this Motion, however, it is important to note that Plaintiff has filed <u>three</u> nearly identical briefs of approximately 12 pages in length, and which only briefly touch on complex Constitutional rights and federal laws.  Plaintiff made the strategic choice to file these perfunctory briefs, apparently in hopes that nobody would notice they were well outside all reasonable bounds of an "Administrative Motion."

Plaintiff could have filed three 25-page opening briefs on these issues, but chose not to, despite full knowledge that First Amendment rights were implicated.  Plaintiff apparently regrets the shallow briefing, now that she has received a thoroughly briefed Opposition from entities who only became aware of these Administrative Motions through happenstance.  Faced with a full discussion of statutory and case law, Plaintiff now wants more room to reply.  This Court should only grant that request if Doe 1 and Mr. Schroeder are also given the same number of pages to respond to arguments that Plaintiff should have made at the outset.

III.     <u>PLAINTIFF'S "ADMINISTRATIVE MOTIONS"  WERE IMPROPER</u>

Plaintiff's series of motions are by no means "Administrative Motions" as defined by this Court's local rules. Rule 7-11 provides for administrative relief "with respect to miscellaneous administrative matters, <u>not otherwise governed by a federal statute</u>, Federal or local rule or standing order of the assigned judge."  (emphasis added)

To date, Plaintiff filed three supposed "Administrative Motions" that concern matters governed by the Federal Constitution, federal copyright law, and Rules 26 and 45 of the Federal Rules of Civil Procedure.  Plaintiff's own briefs acknowledge this by touching on issues of First Amendment rights and the Fair Use doctrine.

Plaintiff apparently chose to title her motions as Administrative Motions in hopes that the matters would easily be granted without anyone taking note.  Plaintiff's plan didn't work, as Doe 1 and Mr. Schroeder learned of the motions and filed a substantial Opposition.  Faced with this,

4

CONDITIONAL OPPOSITION OF DOE 1 AND MICHAEL J. SCHROEDER TO PLAINTIFF'S ADMINISTRATIVE MOTIONS FOR LEAVE TO EXCEED PAGE LIMIT, Case No. 13-cv-01465 SI

Plaintiff now wishes to have an opportunity to fully brief all issues far in excess of page limits for an Administrative Motion, and also in excess of the page limits for a Reply brief.

Although Doe 1 and Mr. Schroeder have stipulated to Plaintiff filing an over length reply brief, they did so on the condition that they are permitted an equal length response.  They are entitled to address Plaintiff's case law and analysis, and would have included that briefing in their opposition brief had Plaintiff filed more thorough motions.  If the Court does not wish a Sur-Reply brief, then Plaintiff should not be able to file an over length reply brief and deny Doe 1 and Mr. Schroeder the right to address the new analysis and cases.  Plaintiff has made her strategic choice and should be bound by it.  This is especially true because Plaintiff is a senior litigation attorney and her own law firm is handling this case.  She had full knowledge and participation in these decisions.

IV.     CONCLUSION

For all the foregoing reasons, Doe 1 and Mr. Schroeder request the following relief: Adopt all the conditions included in the signed stipulation, <u>specifically including that Doe 1 and Mr. Schroeder be granted leave to file a ten-page Sur-Reply brief</u>, and grant Plaintiff's Motion; or deny Plaintiff's Motion.

Dated:  October 16, 2013            **THE CIGEL LAW GROUP, P.C.**


By:  /s/
      Rick A. Cigel
      Attorneys for
      DEFENDANT DOE 1 AND THIRD-PARTY
      MICHAEL J. SCHROEDER

CONDITIONAL OPPOSITION OF DOE 1 AND MICHAEL J. SCHROEDER TO PLAINTIFF'S ADMINISTRATIVE MOTIONS FOR LEAVE TO EXCEED PAGE LIMIT, Case No. 13-cv-01465 SI