Rick A. Cigel, Esq. (SBN 105424)
Lori N. Schroeder, Esq. (SBN 149926)
THE CIGEL LAW GROUP, P.C.
10866 Wilshire Blvd., Suite 400
Los Angeles, California 90024
Tel: (424) 901-8513
Fax: (424) 901-8514

Attorneys for Defendant Doe 1
And Third-Party Michael J. Schroeder

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMEET K. DHILLON, an individual,<br><br>                        Plaintiff,<br><br>         vs.<br><br>DOE 1, an unknown individual, and DOES 2 through 10,<br><br>                        Defendants. | Case No. 13-cv-01465 SI<br><br>DECLARATION OF LORI N. SCHROEDER<br><br>[FILED CONCURRENTLY WITH SUR-REPLY BRIEF OF DEFENDANT DOE 1 AND THIRD-PARTY MICHAEL J. SCHROEDER IN OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTIONS FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE] |

## DECLARATION OF LORI N. SCHROEDER

I, Lori N. Schroeder[1], declare and state as follows:

1. I am an attorney at law duly licensed to practice before all the courts in the State of California. I have personal knowledge of the matters set forth below, and if called upon to do so, I could and would testify competently thereto.

2. I am a Senior Associate at The Cigel Law Group, P.C., counsel for Defendant Doe 1 and Third Party Michael J. Schroeder. Doe 1 is an unnamed and unserved defendant and files this motion under his or her fictitious name in order to preserve anonymity. No reference to Doe 1 in this declaration or in the Sur-reply brief is meant to convey any information about the gender of Doe 1 or the number of individuals involved.

3. In July 2013, I first became aware that Plaintiff had issued a subpoena from the Northern District of California to New Dream Network, LLC ("NDN") seeking disclosure of Doe 1's identity.

4. Although the subpoena clearly listed an address for NDN, Plaintiff had never notified NDN of her filing an Ex Parte Application for leave to issue the subpoena. (Doc. 2)

5. Plaintiff states that the "Northern District court granted the Ex Parte Application." Reply Brief at p. 3. By this statement, Plaintiff implies that this Court somehow condoned the subpoena against NDN. Plaintiff's statement is grossly misleading. The Ex Parte Application was filed on the same day as the Complaint in this matter and contained no notice or proof of service to anyone. (Doc. 2)

6. The Northern District of California granted the ex parte application the very next day, without anyone having notice or an opportunity to be heard. (Doc. 6)

7. Plaintiff sought to enforce the subpoena against NDN in July of 2013 by bringing what she styled as an "Administrative Motion". Again, she provided no notice or proof of service to NDN. (Doc. 16)

---

[1] Despite the same surname, I have no familial relationship to our client, Michael J. Schroeder.

- 1 -
DECLARATION OF LORI N. SCHROEDER, Case No. 13-cv-01465 SI

8. Despite Plaintiff styling her document as an "Administrative Motion", the Northern District of California docket sheet entered it as an "Ex Parte Application". (Doc. 16)

9. The Northern District of California Local Rule 7 – 11 states that Administrative Motions are defined as motions for administrative relief "with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." Plaintiff wrongly called her motion an "Administrative Motion", as it was based on her April 2013 Ex Parte Application, which made reference to Fed. R. Civ. P. 26 and 45, as well as federal copyright law and Constitutional law.

10. This Court denied Plaintiff's administrative motion/ex parte application under Fed. R. Civ. P. 45 because it violated the jurisdictional limits of the rules governing subpoenas. (Doc. 19). Despite this clear order indicating that Plaintiff's original subpoena was fatally flawed, Plaintiff states she reissued it out of the Central District of California to correct a "typographical error." Reply Brief at p. 3, fn. 3.

11. When Plaintiff reissued the NDN subpoena out of the Central District of California, the subpoena indicated the case was pending in the Northern District of California. In order to familiarize myself with this case and to determine the allegations in the Complaint, I reviewed the case docket on the PACER federal court system on September 16, 2013.

12. In reviewing the federal docket sheet for this case, I discovered by chance that there were two additional "Administrative Motions" pending. I pulled copies of the motions in order to review their content. This was the first time that our firm or either Doe 1 or Michael J. Schroeder learned that Plaintiff had filed motions seeking leave to serve subpoenas on Google, Inc. and Mr. Schroeder.

13. The next day, I telephoned the clerk of this Court, Tracy Kasamoto, and indicated that our firm represents both Doe 1 and Mr. Schroeder in a related matter in the Central District of California. I requested that Doe 1 and Mr. Schroeder be given an opportunity to respond to the "Administrative Motions" listed as "Ex Parte Applications" as Docket numbers 20 and 24.

1       14.     Ms. Kasamoto indicated the motions had not yet been ruled on, and granted me two weeks, until October 1, 2013, to file any Opposition to the motions.  I confirmed the October 1, 2013 due date by email later that day, and a true and correct copy of my email to Ms. Kasamoto is attached to this declaration as Exhibit "A".

        15.     Attached hereto as Exhibit "B" is a true and correct copy of the first page of the results of web search on the website www.bing.com/images.  I conducted this web search on October 25, 2013 and entered the search terms "Harmeet Dhillon photo."

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on October 25, 2013 at Los Angeles, California.

                                    _____/s/_____
                                    Lori N. Schroeder

Exhibit "A"

| | |
|---|---|
| **From:** | Tracy_Kasamoto@cand.uscourts.gov |
| **Sent:** | Tuesday, September 17, 2013 2:21 PM |
| **To:** | Lori Schroeder |
| **Subject:** | Re: Dhillon v. Doe 1, Case No. 13-cv-01465 |

Oh.. Thank you for writing the confirmation!

Very helpful!

From:    Lori Schroeder <Lori.Schroeder@cigellawgroup.com>

To:    "tracy_kasamoto@cand.uscourts.gov" <tracy_kasamoto@cand.uscourts.gov>

Date:    09/17/2013 02:19 PM

Subject:    Dhillon v. Doe 1, Case No. 13-cv-01465

Dear Ms. Kasamoto,

Thank you for speaking to me this morning regarding the above-referenced case.  As I indicated by telephone, this firm represents Michael J.
Schroeder, who is named in Plaintiff's Administrative Motion for Leave to Take Limited Discovery, Doc. No. 24.  We will be filing an Opposition to this motion on Mr. Schroeder's behalf.  This email is to confirm that we have until October 1, 2013 to file this Opposition.

Again, I appreciate you taking the time to speak to me regarding this matter.

Very truly,
Lori Schroeder


Lori Schroeder, Esq.
The Cigel Law Group, P.C.
10866 Wilshire, Blvd., Suite 400
Los Angeles, California 90024-4338
Tel: 424-901-8513|Fax: 424-901-8514

1

**Exhibit A, p. 1.**

Lori.Schroeder@Cigellawgroup.com

Privileged/Confidential Information may be contained in this message.  If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone.  In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind.  Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

IRS Circular 230 Disclosure: To ensure compliance with Treasury Department Regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

**Exhibit A, p. 2.**

Exhibit "B"




**Exhibit B, p.1.**

PROOF OF SERVICE

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

CASE NAME: **HARMEET K. DHILLON v. DOE 1**
CASE NO.    **C 13-1465 SI**

The undersigned declares: I am a resident of the United States and am employed in the City and County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 10866 Wilshire Boulevard, Suite 400, Los Angeles, California 90024.

On October 25, 2013, I served the following documents:

1. **SUR-REPLY BRIEF OF DEFENDANT DOE 1 AND THIRD-PARTY MICHAEL J. SCHROEDER IN OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTIONS FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE**

2. **DECLARATION OF LORI N. SCHROEDER**

By serving in the manner described below to the interested parties herein and addressed to:

| | |
|---|---|
| Harold P. Smith | Joel Voelzke |
| Krista L. Shoquist | Intellectual Property Law Office of Joel Voelzke |
| Dhillon & Smith, LLP | 24772 W. Saddle Peak Road |
| 177 Post Street, Suite 700 | Malibu, CA 90265-3042 |
| San Francisco, CA 94108 | |
| | *Attorney for New Dream Network* |
| *Attorneys for Dhillon* | |

[x] **ELECTRONIC MAILING:** I emailed copies of all documents to the above party(s) at their respective email addresses as shown above.

[ ] **MAIL:** I caused such envelope(s) to be deposited in the mail at my business address, with postage thereon fully prepaid, addressed to the addressee(s) designated. I am readily familiar with the business practice of collecting and processing correspondence to be deposited with the United States Postal Service on that same day in the ordinary course of business.

[X] **(FEDERAL):** I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.

Executed on October 25, 2013 at Los Angeles, California.

/s/
Lori N. Schroeder