Rick A. Cigel, Esq. (SBN 105424)
Michael B. Kadish, Esq. (SBN 164206)
THE CIGEL LAW GROUP, P.C.
10866 Wilshire Blvd., Suite 400
Los Angeles, California 90024
Tel:  (424) 901-8513
Fax: (424) 901-8514


Attorneys for Defendant
DOE 1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMEET K. DHILLON, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>DOE 1, an unknown individual, and DOES 2 through 10,<br><br>　　　　　　　　Defendants. | Case No. 13-cv-01465 SI<br><br>DEFENDANT DOE 1'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>The Honorable Susan Illston |

　　　　Defendant DOE 1 hereby answers the Complaint for Copyright Infringement and submits this Demand for Jury Trial.  Doe 1 objects to any effort by Plaintiff to obtain Doe 1's identity. Doe 1 answers the complaint in his fictitious name in order to preserve his anonymity.  No information is intended or conveyed by Doe 1's use of the singular male pronoun "his" as to whether Doe 1 is male, female, individual, corporate or otherwise.

PARTIES

　　　　1.　　Answering paragraph 1, Defendant Doe 1 is without sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph, and on that basis denies, generally and specifically, every allegation contained in paragraph 1.

2. Answering paragraph 2, Defendant Doe 1 admits that an article entitled "Meet Harmeet" was anonymously published on the website www.mungergames.net and that Doe 1 had some role in publishing that article. Doe 1 denies, generally and specifically, every remaining allegation contained in paragraph 2.

3. Answering paragraph 3, Defendant Doe 1 is without sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph, and on that basis denies, generally and specifically, every allegation contained in paragraph 3.

## JURISDICTION AND VENUE

4. Answering paragraph 4, Defendant Doe 1 responds that there are no factual allegations in paragraph 4. To the extent there are any factual allegations in paragraph 4, Defendant Doe 1 denies, generally and specifically, every allegation contained in paragraph 4 on the basis that Plaintiff has not alleged a valid copyright claim.

5. Answering paragraph 5, Defendant Doe 1 responds that there are no factual allegations in paragraph 5. To the extent there are any factual allegations in paragraph 5, Doe 1 denies, generally and specifically, every allegation contained in paragraph 5. Doe 1 denies that Plaintiff has made a valid claim for copyright infringement, and on that basis denies that this court has federal question jurisdiction.

6. Answering paragraph 6, Defendant Doe 1 denies, generally and specifically, every allegation contained in paragraph 6.

## INTRADISTRICT ASSIGNMENT

7. Answering paragraph 7, Defendant Doe 1 denies, generally and specifically, every allegation contained in paragraph 7.

## FACTUAL ALLEGATIONS

8. Answering paragraph 8, Defendant Doe 1 is without sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph, and on that basis denies, generally and specifically, every allegation contained in paragraph 8.

9. Answering paragraph 9, Defendant Doe 1 is without sufficient knowledge or

information to form a belief as to the truth of the allegations in that paragraph, and on that basis denies, generally and specifically, every allegation contained in paragraph 9.

10. Answering paragraph 10, Defendant Doe 1 is without sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph, and on that basis denies, generally and specifically, every allegation contained in paragraph 10.

11. Answering paragraph 11, Defendant Doe 1 is without sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph, and on that basis denies, generally and specifically, every allegation contained in paragraph 11.

12. Answering paragraph 12, Defendant Doe 1 is without sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph, and on that basis denies, generally and specifically, every allegation contained in paragraph 12.

13. Answering paragraph 13, Defendant Doe 1 is without sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph, and on that basis denies, generally and specifically, every allegation contained in paragraph 13.

14. Answering paragraph 14, Defendant Doe 1 is without sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph, and on that basis denies, generally and specifically, every allegation contained in paragraph 14.

15. Answering paragraph 15, Defendant Doe 1 admits that an article entitled "Meet Harmeet" was anonymously published on the website www.mungergames.net on February 12, 2013, and that Doe 1 had some role in publishing that article. Doe 1 further admits that the "Meet Harmeet" article was accompanied by a small out-of-date publicity photograph of Plaintiff. Doe 1 denies, generally and specifically, every remaining allegation contained in paragraph 15.

16. Answering paragraph 16, Defendant Doe 1 is without sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph, and on that basis denies, generally and specifically, every allegation contained in paragraph 16.

17. Answering paragraph 17, Defendant Doe 1 is without sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph, and on that basis

denies, generally and specifically, every allegation contained in paragraph 17.

## FIRST CAUSE OF ACTION – COPYRIGHT INFRINGEMENT

18. Answering paragraph 18, Doe 1 incorporates his answers and responses contained in paragraph 1 through 17, inclusive, as though fully set forth herein.

19. Answering paragraph 19, Defendant Doe 1 is without sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph, and on that basis denies, generally and specifically, every allegation contained in paragraph 19.

20. Answering paragraph 20, Defendant Doe 1 admits that the website www.mungergames.net posted a small out-of-date publicity photograph of Plaintiff on February 12, 2013 to accompany an article entitled "Meet Harmeet". Doe 1 denies, generally and specifically, every remaining allegation contained in paragraph 20.

21. Answering paragraph 21, Defendant Doe 1 denies, generally and specifically, every allegation contained in paragraph 21.

22. Answering paragraph 22, Defendant Doe 1 denies, generally and specifically, every allegation contained in paragraph 22.

23. Answering paragraph 23, Defendant Doe 1 denies, generally and specifically, each and every allegation contained in paragraph 23.

24. Answering paragraph 24, Defendant Doe 1 denies, generally and specifically, every allegation contained in paragraph 24.

## **AFFIRMATIVE DEFENSES**

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

25. As a first, separate and distinct affirmative defense, Doe 1 alleges that the Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendants.

SECOND AFFIRMATIVE DEFENSE

(Fair Use Doctrine)

26.     As a second, separate and distinct affirmative defense, Doe 1 alleges that Plaintiff's claims for copyright infringement are barred by the doctrine of Fair Use under 17 U.S.C. § 107.

THIRD AFFIRMATIVE DEFENSE

(First Amendment)

27.     As a third, separate and distinct affirmative defense, Doe 1 alleges that Plaintiff's Complaint is barred by the First Amendment to the United States Constitution.

FOURTH AFFIRMATIVE DEFENSE

(Failure to Comply With Copyright Requirements)

28.     As a fourth, separate and distinct affirmative defense, Doe 1 alleges that one or more of the copyright registrations that Doe 1 allegedly infringed are invalid for failure to comply with the requirements set forth in 17 U.S.C. § 102.

FIFTH AFFIRMATIVE DEFENSE

(No Possession or Ownership of Copyright)

29.     As a fifth, separate and distinct affirmative defense, Doe 1 alleges that Plaintiff failed to establish any possession or ownership of copyright in the materials referred to in the Complaint.

SIXTH AFFIRMATIVE DEFENSE

(No Statutory Damages or Attorney's Fees)

30.     As a sixth, separate and distinct affirmative defense, Doe 1 alleges that Plaintiff's claims for statutory damages and attorneys' fees under 17 U.S.C. § 504 are barred because Plaintiff's copyright registrations were not made within three months after the first publication of the allegedly infringing works, as required by 17 U.S.C. § 412.

SEVENTH AFFIRMATIVE DEFENSE

(No Injunctive Relief)

31. As a seventh, separate and distinct affirmative defense, Doe 1 alleges that Plaintiff is not entitled to injunctive relief because there is no immediate or irreparable damage to Plaintiff, and Plaintiff has an adequate remedy at law.

EIGHTH AFFIRMATIVE DEFENSE

(Laches)

32. As an eighth, separate and distinct affirmative defense, Doe 1 alleges that Plaintiff's claims for copyright infringement are barred by the doctrine of laches.

NINTH AFFIRMATIVE DEFENSE

(Waiver)

33. As an ninth, separate and distinct affirmative defense, Doe 1 alleges that Plaintiff's claims for copyright infringement are barred by the doctrine of waiver.

TENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

34. As a tenth, separate and distinct affirmative defense, Doe 1 alleges that the Plaintiff is not entitled to relief to the extent that the claims for relief contained in the Complaint are barred by applicable statutes of limitation, including 17 U.S.C. § 507(b).

ELEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

35. As an eleventh, separate and distinct affirmative defense, Doe 1 alleges that Plaintiff is estopped from asserting any claim or demand, if any ever existed, against Doe 1 with respect to all allegations in the Complaint.

TWELFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

36. As a twelfth, separate and distinct affirmative defense, Doe 1 alleges that Plaintiff's action is barred by the doctrine of unclean hands with respect to all allegations in the

Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

(No Damages)

37. As a thirteenth, separate and distinct affirmative defense, Doe 1 alleges that Plaintiff suffered no cognizable damage or injuries as a result of the matters alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

38. As a fourteenth, separate and distinct affirmative defense, Doe 1 alleges that Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Subject Matter Jurisdiction)

39. As a fifteenth, separate and distinct affirmative defense, Doe 1 alleges that Plaintiff's Complaint, and each and every claim for relief, is barred because the Court lacks subject matter jurisdiction.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Forfeiture of Copyright)

40. As a sixteenth, separate and distinct affirmative defense, Doe 1 alleges that Plaintiff failed to affix any notice of copyright protection to the materials referred to in the Complaint and has thereby forfeited any alleged copyrights in such materials.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Abandonment of Copyright)

41. As a seventeenth, separate and distinct affirmative defense, Doe 1 alleges that Plaintiff has abandoned any copyright claim to the materials referred to in the Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Lack of Personal Jurisdiction)

42. As an eighteenth, separate and distinct affirmative defense, Doe 1 alleges that

Plaintiff has failed to allege any facts establishing personal jurisdiction over Doe 1.

## NINETEENTH AFFIRMATIVE DEFENSE

(Improper Venue)

43. As a nineteenth, separate and distinct affirmative defense, Doe 1 alleges that Plaintiff has failed to allege any facts establishing proper venue in this Court.

## TWENTIETH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

44. As a twentieth, separate and distinct affirmative defense, without admitting that Plaintiff sustained any damage or detriment, or that Defendants are liable to Plaintiff in any manner whatsoever for any of the purported causes of action the Complaint, Doe 1 alleges that the alleged damages sustained by Plaintiff, if any, were caused in whole or in part by Plaintiff's own failure to mitigate its alleged damages, and accordingly, any recovery against Doe 1 is barred in whole or in part.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Indispensable Parties)

45. As a twenty-first, separate and distinct affirmative defense, Doe 1 alleges that Plaintiff's claims are barred for failure to join indispensable parties.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

46. As a twenty-second, separate and distinct affirmative defense, Doe 1 alleges that Plaintiff has no standing to bring the alleged claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Failure of Consideration)

47. As a twenty-third, separate and distinct affirmative defense, Doe 1 alleges that each contract and assignment alleged in the Complaint is illusory and invalid for lack of consideration.

RESERVATION OF DEFENSES

48. Defendant Doe 1 reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case.

**PRAYER**

WHEREFORE, Defendant Doe 1 prays for judgment as follows:

1. That Plaintiff take nothing by reason of her Complaint and that judgment be rendered in favor of Defendant Doe 1;

2. That Defendant Doe 1 be awarded his reasonable attorney's fees and costs of suit incurred in defense of this action; and

3. For other such relief as the court deems proper.

Dated:  December 2, 2013                THE CIGEL LAW GROUP, P.C.


By:_____/s/_____
     Rick A. Cigel
Attorneys for Defendant
DOE 1

**DEMAND FOR JURY TRIAL**

Defendant Doe 1 hereby submits a demand for a jury trial in this matter.

Dated:  December 2, 2013              THE CIGEL LAW GROUP, P.C.


By:_____/s/_____
     Rick A. Cigel
Attorneys for Defendant
DOE 1