1   MATTHEW ZIMMERMAN (SBN 212423)
    mattz@eff.org
2   CORYNNE MCSHERRY (SBN 221504)
    corynne@eff.org
3   ELECTRONIC FRONTIER FOUNDATION
    815 Eddy St.
4   San Francisco, CA 94109
    Telephone: (415) 436-9333
5   Facsimile: (415) 436-9993

6   Attorneys for *Amicus Curiae*
    ELECTRONIC FRONTIER FOUNDATION

7

8

9

10                  **UNITED STATES DISTRICT COURT**

11           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12                    **SAN FRANCISCO DIVISION**

13   HARMEET K. DHILLON,                 )  Case No. 13-1465 SI
                                         )
14                     Plaintiff,        )
                                         )  **MOTION FOR LEAVE TO FILE**
15        vs.                            )  **PROPOSED *AMICUS CURIAE* BRIEF OF**
                                         )  **THE ELECTRONIC FRONTIER**
16   DOE 1, an unknown individual, and   )  **FOUNDATION IN SUPPORT OF**
     DOES 2-10,                          )  **DEFENDANT DOE 1'S MOTION FOR**
17                                       )  **JUDGMENT ON THE PLEADINGS**
                                         )
18                     Defendants.       )
                                         )
19                                       )
                                         )
20                                       )
                                         )
21

22

23

24

25

26

27

28

    Case No. 13-1465 SI        MOTION FOR LEAVE TO FILE AMICUS BRIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Electronic Frontier Foundation ("EFF") respectfully moves for leave to file an *amicus curiae* brief in the above-captioned matter.  Defendant Doe 1 has consented to the filing.  Plaintiff declined to consent to the filing.  *See* Declaration of Matthew Zimmerman at 1.

**STATEMENT OF INTEREST**

The EFF is a non-profit, member-supported digital civil liberties organization. With more than 28,000 active dues-paying members, including over 6,000 active members in California, and more than 18,000 California subscribers to EFF's weekly e-mail newsletter, *EFFector*, EFF represents the interests of technology users in both court cases and in broader policy debates surrounding the application of law in the digital age, and publishes a comprehensive archive of digital civil liberties information at www.eff.org. This case directly impacts the First Amendment interests of EFF members and those wishing to make fair uses of copyrighted materials online, especially in the context of political speech.   Moreover, this case also directly impacts the First Amendment interests of those who wish to engage in protected anonymous speech online.  EFF believes it has a perspective to share that is not represented by the parties to this appeal, neither of whom directly represents the interests of consumers or the public interest generally.

**ARGUMENT**

The Ninth Circuit and California District Courts have frequently used *amicus curiae* briefs to "assist[] [them] in cases of general public interest." *Alexander v. Hall*, 64 F.R.D. 152, 155 (D. S.C. 1974); *see also United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991). While "[t]here is no inherent right to file an *amicus curiae* brief with the Court," *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999), the court ultimately retains "broad discretion to either permit or reject the appearance of *amicus curiae*." *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1514 (9th Cit. 1987).

1

2

3

4

EFF respectfully seeks leave to file an *amicus curiae* brief in support of Defendant's motion for judgment on the pleadings because we are greatly concerned by the possible consequences this case could have on First Amendment rights of Internet users in several respects.

5

6

7

In the brief, EFF makes several arguments.  First, while Defendant proposes multiple procedural options, EFF argues that the Court should elect to rule on Defendant's motion for judgment on the pleadings.  Where, as here, the operative facts are presumed or admitted, the Court

8

9

10

11

should make a fair use determination as a matter of law.  A prompt resolution to speech-related claims at the motion to dismiss or motion for judgment on the pleadings stage, wherever possible, would forestall the chilling effect of litigation that lacks merit.  An alternative ruling, one that left

12

13

the case open to the possibility of unnecessary (and expensive) discovery, could unduly chill speech by discouraging future speakers from standing up for their rights.

14

15

16

17

Second, the Court should evaluate Defendant's fair use arguments in context of the varied First Amendment interests at stake in the case, not only those of the Defendant but of the public at large.  The First Amendment protects not only the right to speak but also the right to obtain information.  Especially in the context of political speech, litigation that serves to pressure critical

18

19

20

21

22

speakers into removing or softening criticism threatens the marketplace of idea that the First Amendment is designed to protect.  Moreover, Plaintiff's attempt to unmask her critic calls into question the true motivation behind her lawsuit raises concerns for anonymous speakers everywhere.

23

24

25

26

27

Third, EFF emphasizes that Defendant's fair use analysis is correct and that his or her substantive motion should be granted.  All of the copyright fair use factors either way in favor of Defendant or at worst neutral.  Accordingly, on the substantive copyright merits, Defendant's motion should be granted.

28

Case No. 13-1465 SI          MOTION FOR LEAVE TO FILE AMICUS BRIEF

1

2

3    For these reasons, EFF respectfully asks the Court to grant leave to file the accompanying

brief of *amicus curiae* in support of Defendant's motion for judgment on the pleadings.

4

5    DATED:  January 24, 2014                    Respectfully submitted,

6                                                By:      /s/ Matthew Zimmerman
                                                        Matthew Zimmerman (SBN 212423)
7                                                        Corynne McSherry (SBN 221504)
                                                        ELECTRONIC FRONTIER
8                                                        FOUNDATION
                                                        815 Eddy Street
9                                                        San Francisco, CA 94109
                                                        Telephone: (415) 436-9333
10                                                       Facsimile: (415) 436-9993

11                                                       Attorneys *Amicus Curiae*
                                                        Electronic Frontier Foundation
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 13-1465 SI            MOTION FOR LEAVE TO FILE AMICUS BRIEF