| | |
|---|---|
| 1 | Matthew Zimmerman (SBN 212423) |
| 2 | mattz@eff.org |
|   | Corynne McSherry (SBN 221504) |
| 3 | corynne@eff.org |
|   | ELECTRONIC FRONTIER FOUNDATION |
| 4 | 815 Eddy Street |
|   | San Francisco, CA 94109 |
| 5 | Telephone: (415) 436-9333 |
|   | Facsimile: (415) 436-9993 |
| 6 | |
| 7 | Counsel for *Amicus Curiae* |
|   | ELECTRONIC FRONTIER FOUNDATION |

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| HARMEET DHILLON, an individual, | ) | Case No.: 3:13-CV-1465 SI |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF MATTHEW** |
| | ) | **ZIMMERMAN IN SUPPORT OF** |
| v. | ) | **MOTION TO FILE *AMICUS CURIAE*** |
| | ) | **BRIEF OF THE ELECTRONIC** |
| DOE 1, an unknown individual, and DOES 2-10, | ) | **FRONTIER FOUNDATION IN SUPPORT** |
| | ) | **OF DEFENDANT DOE** |
| Defendants. | ) | |
| | ) | |

I, Matthew Zimmerman, declare as follows:

1. I am an attorney licensed to practice law in the State of California and admitted to practice before this Court, and am a Senior Staff Attorney for proposed *amicus curiae* the Electronic Frontier Foundation (EFF). I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On January 21, 2014, I contacted counsel for Plaintiff Harmeet K. Dhillon by e-mail, informing them that EFF intended to file an *amicus* brief in support of Defendant Doe 1 in the above-captioned matter and requested the Plaintiff's consent to that filing. On January 22, 2014, Krista Shoquist, counsel for Plaintiff, responded by e-mail, informing me that Plaintiff did not consent to the filing. Attached as Exhibit 1 to this declaration are true and correct copies of the three e-mails that constituted the correspondence described here.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of January, 2014, at San Francisco, CA.

                                              /s/ Matthew Zimmerman
                                              Matthew Zimmerman

# Exhibit 1

# Exhibit 1

**Subject:** Re: Request for consent to file amicus brief in Dhillon v. Doe
**From:** Matt Zimmerman <mattz@eff.org>
**Date:** 1/22/14 2:26 PM
**To:** "Krista Shoquist (Dhillon&Smith)" <kshoquist@dhillonsmith.com>
**CC:** "Harold P. (Peter) Smith (Dhillon & Smith)" <psmith@dhillonsmith.com>

Dear Krista,

Thank you for providing your client's position. I will note that for the court in our motion.

Best,

Matt

Sent from my iPhone

> On Jan 22, 2014, at 2:23 PM, "Krista Shoquist (Dhillon&Smith)" <kshoquist@dhillonsmith.com> wrote:
>
> Dear Matt,
>
> We received your email yesterday afternoon requesting our client, Harmeet Dhillon's, consent for the EFF to file an amicus brief in Dhillon v. Doe, Case No. 13-cv-01465 SI, filed in the N.D.C.A.  We cannot grant your request because the filing of an amicus brief at this stage in the litigation is inappropriate, for several reasons.
>
> An amicus brief should only be allowed by the court when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Ryan v. Commodity Futures Trading Com'n, 125 F.3d 1062, 1063 (7th Cir. 1997); see also Re2con, LLC v. Telfer Oil Co., 2012 WL 6570902 (E.D. Cal. 2012); Community Ass'n for Restoration of Environment v. DeRuyter Bros. Dairy, 54 F.Supp.2d 974 (E.D. Wash. 1999). Here, Defendant Doe appears to be represented by competent counsel, and EFF has not made us aware of any pending case that may be affected by the decision in Dhillon v. Doe.  Your request to file an amicus brief should only be allowed if you can show that that the EFF possesses unique insight that is unavailable to counsel for either party, and will affect the outcome of this dispute.  Your request provides no support for your position, so we are left to guess at its content.
>
> Because the pending motion before the Court turns on whether there are disputed issues of material fact, a third party without knowledge of the facts (EFF) cannot contribute any specialized perspective that could assist the Court with its determination.  Furthermore, where facts are undisputed, Defendant Doe's motion requires an analysis of the fair use defense.  The fair use factors are statutorily enumerated, and thus are not open to debate, nor is the law particularly in flux in the Ninth Circuit on the statutory factors.  The anonymity of Doe is not at issue at this point in the litigation.  The only issue raised by the pending motion is whether Defendant Doe has met its burden of providing that its admitted  infringement of Plaintiff Dhillon's copyright is excused by the fair use doctrine.  Given the established law at issue, it is extremely unlikely that an alleged "unique perspective" provided by the Electronic

Frontier Foundation will outweigh the obvious prejudice that Plaintiff Dhillon would suffer if an amicus brief was filed in this case – addressing such a brief costs litigants and the court time and money, providing Doe with an impermissible extension of his moving brief, while offering little or no benefit to the Court.

Judge Posner, writing for the 7th Circuit, made his views regarding amicus briefs clear in the case of Ryan v. Commodity Futures Trading Com'n, when he stated "The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse." Ryan v. Commodity Futures Trading Com'n, 125 F.3d 1062, 1063 (7th Cir. 1997). This perspective has been adopted by federal courts across the nation.

In the event that you choose to proceed with seeking the Court's permission to file an amicus brief, please be sure to let the Court know that you provided us with no justification for your brief being needed, and that we declined, as noted above, to agree to its filing.

Sincerely,

Krista Shoquist

Krista L. Shoquist, Esq.
Senior Associate
Dhillon & Smith LLP
177 Post Street, Suite 700
(415) 433-1700 (o)
(415) 520-6593 (f)


-----Original Message-----
From: Matt Zimmerman [mailto:mattz@eff.org]
Sent: Tuesday, January 21, 2014 4:49 PM
To: Harold P. (Peter) Smith (Dhillon & Smith); Krista Shoquist (Dhillon&Smith); Priya Brandes (Dhillon & Smith)
Subject: Request for consent to file amicus brief in Dhillon v. Doe

Dear Counsel,

The Electronic Frontier Foundation intends to file an amicus brief in support of the defendants' motion for judgment on the pleadings in Dhillon v. Doe, Case No. 13-1465 SI. I'm sending this e-mail to ask for the plaintiff's consent to that filing. Either way, please let me know by tomorrow whether plaintiff will grant her consent and I will note that position in our filing.

If you have any questions, please feel free to contact me directly.

Sincerely,

Matt Zimmerman
--
Matthew Zimmerman
Senior Staff Attorney
Electronic Frontier Foundation
815 Eddy Street

> San Francisco, CA 94109
> ph: (415) 436-9333 x127 / fx: (415) 436-9993 mattz@eff.org / www.eff.org