HAROLD P. SMITH, ESQ. (SBN: 126985)
psmith@dhillonsmith.com
KRISTA L. SHOQUIST, ESQ. (SBN: 264600)
kshoquist@dhillonsmith.com
DHILLON & SMITH LLP
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Plaintiff
Harmeet K. Dhillon

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMEET K. DHILLON,<br><br>                Plaintiff,<br><br>                v.<br><br>DOE 1, *et al.*,<br><br>                Defendants. | Case No. 13-CV-01465 SI<br><br>**PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE TO FILE PROPOSED *AMICUS CURIAE* BRIEF OF THE ELECTRONIC FRONTIER FOUNDATION**<br><br>**Hearing Date:** February 28, 2014<br>**Hearing Time**: 9:00 a.m.<br>**Courtroom 10, 19th Floor**<br>**Hon. Susan Illston** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## I.     INTRODUCTION

Plaintiff Harmeet K. Dhillon ("Plaintiff") submits this Opposition to Motion for Leave to File *Amicus Curiae* Brief of The Electronic Frontier Foundation In Support Of Defendant Doe 1's ("Defendant') Motion for Judgment on the Pleadings ("EFF Motion").

Defendant's Motion for judgment on the pleadings pursuant to FRCP 12(c) or for summary judgment pursuant to FRCP 56, currently pending before this Court, turns on whether there are disputed issues of material fact, and whether the affirmative defense of fair use applies to Defendant's admitted use of Plaintiff's copyrighted photograph. The Electronic Frontier Foundation ("EFF")'s motion for leave to file an *amicus* brief should be denied because EFF's proposed *amicus* brief merely restates Defendant's legal arguments, offers no unique information or perspective that has not or could not have been raised by Defendant himself, and would unfairly prejudice Plaintiff.

## II.     LEGAL STANDARD FOR GRANTING LEAVE TO FILE AN *AMICUS* BRIEF

"There is no inherent right to file an *amicus curiae* brief with the Court," *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999). Rather, the court ultimately retains "broad discretion to either permit or reject the appearance of *amicus curiae*." *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1514 (9th Cir. 1987). "The vast majority of *amicus curiae* briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse." *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1063 (7th Cir. 1997); *see also Gabriel Technologies Corp. v. Qualcomm Inc.* 2012 WL 849167, at *4 (S.D. Cal., Mar. 13, 2012) ("An *amicus* brief is meant to assist the court and not merely extend the length of the litigant's brief"). This perspective has been adopted by federal courts across the nation. *See, e.g., Beesley v. International Paper Co.* 2011 WL 5825760 (S.D. Ill., Nov. 17, 2011); *JPMorgan Chase Bank, N.A. v. Fletcher*, 2008 WL 73233 (N.D. Okla., Jan. 7, 2008).

---

Plaintiff's Opposition to Motion for Leave to File
*Amicus Curiae* Brief of The EFF

**DHILLON & SMITH LLP**

An *amicus* is to be a friend of the court, not a friend of a party.  *Ryan v. Commodity Futures Trading Com'n*, *supra* 125 F.3d at 1063; *U.S. v. State of Mich.* 940 F.2d 143, 164-65 (6th Cir. 1991); *Long v. Coast Resorts, Inc.* 49 F.Supp.2d 1177, 1178 (D. Nev. 1999).  "When the party seeking to appear as *amicus curiae* is perceived to be an interested party or an advocate of one of the parties to the litigation, leave to appear as *amicus curiae* should be denied." *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.* 149 F.R.D. 65, 82 (D.N.J. 1993).

An *amicus* brief should only be allowed by the Court when (1) a party is not represented competently by counsel, or not represented at all; (2) when the *amicus* has an interest in some other case that may be affected by the decision in the present case; or (3) when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. *Ryan v. Commodity Futures Trading Com'n, supra,* 125 F.3d at 1063; *Re2con, LLC v. Telfer Oil Co.*, 2012 WL 6570902 (E.D. Cal. 2012); *Community Ass'n for Restoration of Environment v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974 (E.D. Wash. 1999).

### III.    AN *AMICUS* BRIEF IS UNWARRANTED IN THIS CASE

**A.  Doe 1 is represented competently by legal counsel.**

In the present case, Defendant appears to be represented by competent legal counsel, namely, Rick A. Cigel of The Cigel Law Group, PC. *See, e.g.,* Dkt. 32. EFF's Motion does not argue otherwise in its attempt to justify the admittance of its proposed *amicus* brief.

**B.  EFF has not demonstrated that it has an interest in some other case that may be affected by the decision in this litigation.**

EFF's Motion does not identify any pending case that may be affected by the decision in the present case. Instead, EFF asserts a vague concern regarding the "possible consequences" this case could have unidentified "Internet users." EFF Motion, 2:1-3. This is insufficient under the standard for seeking leave to file an *amicus* brief. *See, e.g., Re2con, supra,* 2012 WL 6570902.

---

Plaintiff's Opposition to Motion for Leave to File
*Amicus Curiae* Brief of The EFF

**DHILLON & SMITH LLP**

-2-

**C.  EFF's proposed *amicus* brief merely restates Defendant's legal argument and does not present unique information or perspective.**

EFF's Motion should be denied because the proposed *amicus* brief merely restates Defendant's arguments. Like Defendant's pending Motion, EFF's proposed *amicus* brief devotes substantial attention to a discussion of First Amendment rights, generally, as well as to the elements of the fair use doctrine. *See* Dkt. 51-1, p. 2. However, these are well-settled principles that Plaintiff does not dispute, and EFF's Motion adds nothing to the analysis. EFF's brief does little more than restate the same cases highlighted by Defendant,[1] and to the extent EFF cites different cases, the language used by the respective courts is functionally equivalent, and the resulting argument is duplicative. Indeed, EFF itself "emphasizes that Defendant's fair use analysis is correct and that his or her substantive motion should be granted." EFF's Motion, 2:23. Emphasis by an *amicus* in favor of one party's analysis of the law is of absolutely no use to this Court. *See Ryan v. Commodity Futures Trading Com'n, supra,* 125 F.3d at 1063. EFF's reiteration of Defendant's description of the law and analysis of the facts amounts to little more than cheerleading for one party over another,[2] and is improper.

Further, EFF has not shown that it possesses unique insight that is unavailable to counsel for either party and will affect the outcome of the dispute. EFF claims that its proposed *amicus* brief would provide perspective into the interests of "consumers" or the "public at large." EFF's Motion,1:17; 2:15-16. However, Doe 1's pending motion does not concern the public's right to free political speech, but rather, whether there are any genuine issues of material fact concerning whether Doe 1's admitted use of Plaintiff's copyrighted work constitutes fair use. Any perspective offered by EFF as to the rights of the public to engage in anonymous political speech are unnecessary and unrelated to this stage in litigation.

---

[1] EFF cites eleven cases to supports its fair use arguments.  Five of these cases are also cited by Defendant in his fair use analysis.
[2] For instance, EFF's proposed *amicus* brief even asks the Court to award fees to Defendant. Dkt. 51-1, p.22.

1       Defendant's pending Motion turns on whether there are disputed issues of material fact.

2   EFF, as a third party without knowledge of the facts, cannot contribute any specialized

3   perspective that could assist the Court with its determination. Further, where facts are

4   undisputed, Defendant's motion requires an analysis of the fair use defense. The fair use factors

5   are statutorily enumerated under 17 U.S.C.A. § 107, and thus are not open to debate, nor is the

6   law particularly in flux in the Ninth Circuit on the statutory factors. The only issue raised by

7   Defendant's motion is whether Defendant has met its burden of providing that its admitted

8   infringement of Plaintiff's copyright is excused by the fair use doctrine.

9       In a further attempt to justify admission of its *amicus* brief, EFF offers argument

10   concerning the standard the Court should apply in evaluating Defendant's pending Motion.

11   EFF's Motion, 2:7-8. This "argument" is nothing more than a basic recitation of an undisputed

12   legal standard, and underscores the uselessness of EFF's *amicus* brief. EFF's contribution is not

13   unique, nor does it present a perspective that is desirable or necessary to bring before this Court.

14   **IV.   EFF'S *AMICUS* BRIEF WOULD UNFAIRLY PREJUDICE PLAINTIFF**

15       EFF does not provide this Court with an unbiased account of the law. It is clear from,

16   *inter alia,* EFF's regurgitation of Defendant's argument; request that the Court award Defendant

17   attorney's fees; and failure to mention the long history of protections the Ninth Circuit has

18   established for intellectual property in the face of unfettered infringement inaccurately framed

19   as "free speech," that EFF is an advocate of Defendant, not a friend of the Court. *See U.S. v.*

20   *State of Mich.*, *supra,* 940 F.2d at 164-65; *Liberty Lincoln Mercury, Inc., supra,* 149 F.R.D. 65.

21   As such, EFF is precisely the type of *amicus* whose opinion provides no assistance to this Court,

22   particularly under the circumstances relevant to Defendant's pending Motion.

23       California courts have made it clear that where an *amicus* brief does not assist the court

24   in determining the outcome of the present motion, it does little more than extend the length of a

25   party's brief.  *Gabriel Technologies Corp., supra,* 2012 WL 849167 at 4 ("An *amicus* brief is

26   meant to assist the court and not merely extend the length of the litigant's brief.") EFF's

---

proposed *amicus* brief would place Plaintiff at a clear disadvantage. If EFF's Motion is granted, Defendant will essentially be given two bites at the apple. EFF's proposed *amicus* brief is seventeen pages long, and the admission of this additional brief would effectively expand the argument in favor of Defendant's position to a thirty-two pages, where Plaintiff is limited to twenty-five pages. It is clear that Plaintiff would be unfairly prejudiced if EFF's Motion is granted.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny EFF's Motion for Leave to File *Amicus Curiae* Brief. In the alternative, should the Court grant EFF's Motion, Plaintiff requests an opportunity to respond.

Date: January 28, 2014                                DHILLON & SMITH LLP


By:
        __/s/ Krista L. Shoquist_____
        HAROLD P. SMITH
        KRISTA L. DHILLON
        Attorneys for Plaintiff Harmeet K. Dhillon